VENABLE LLP
Douglas C. Emhoff (SBN 151049)
demhoff@venable.com
Tamany Vinson Bentz (SBN 258600)
tjbentz@venable.com
Melissa C. McLaughlin (SBN 273619)
mcmclaughlin@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile: (310) 229-9901

Attorneys for Defendant and
Counterclaimant Jukin Media, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUALS THREE, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JUKIN MEDIA, INC., a California corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:14-cv-09041-SVW-MAN<br><br>Hon. Stephen V. Wilson<br>Courtroom 6<br><br>**ANSWER TO COMPLAINT**<br><br>Action Filed: Nov. 21, 2014<br>Trial Date: None set |
| JUKIN MEDIA, INC., a California corporation,<br><br>Counterclaimant,<br><br>v.<br><br>EQUALS THREE, LLC, a California limited liability company; and RAY WILLIAM JOHNSON, an individual,<br><br>Counterclaim Defendants. | |

Defendant and Counterclaimant Jukin Media, Inc. ("Jukin"), by and through its attorneys, responds to the allegations in the numbered paragraphs in the Complaint filed by Plaintiff and Counterclaim Defendant Equals Three, LLC ("Equals Three") as follows:

## SUMMARY OF COMPLAINT

1. Jukin admits that this is a civil action and that Equals Three seeks the relief described in this paragraph, but denies any remaining allegations and specifically that Equals Three is entitled to any such relief or that any such relief should be granted.

2. Jukin admits that it has asserted copyright infringement claims against Equals Three based on the videos that Equals Three posted on its YouTube channel, but denies that such assertion was improper. Jukin is without information sufficient to form a belief as to the truth of the allegations that YouTube has discontinued the payment of Equals Three's portion of advertising revenues and that Equals Three has been prevented from monetizing its show, and therefore denies them. Jukin admits that it is permitted to advertise on Equals Three's channel, but denies that it advertises on Equals Three's channel, denies that the text accompanying Equals Three's show always provides the links to the original videos it uses in its show, and denies that Jukin profits directly from the viewership of Equals Three's show. Jukin denies any remaining allegations in this paragraph.

3. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph as to why Equals Three brings this action, and therefore denies them. Jukin denies any remaining allegations and specifically that Equals Three's use of the copyrighted material is lawful under the statutory "fair use" doctrine set forth in the Copyright Act, 17 U.S.C. § 107 or otherwise.

## PARTIES

4. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

5. Jukin admits it is a California corporation doing business in Los Angeles County, that it is a content licensing company that acquires rights to user-generated videos and licenses them to others such as digital publishers and cable channels, thereby, giving the original video owners a way to monetize their original videos. Jukin admits it maintains a multi-channel network on YouTube. Jukin admits that the quoted material in footnote one (#1) appears on the cited Wikipedia entry describing a YouTube multi-channel network. Jukin admits that the statement that it has "positioned itself as the worldwide leader in the discovery, acquisition, monetization, and distribution of user-generated content" appears on Jukin's blog on Tumblr. Jukin denies any remaining allegations in this paragraph.

6. Jukin admits it has licensed user-generated videos from the original videos' creators and owners and is authorized to enforce the creators' copyrights subject to the terms of the underlying license it obtains from such owners. Equals Three has not identified which videos are at issue in this case, so Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph that Jukin is not a creator or author of the user-generated videos at issue in this case and therefore denies it. Jukin denies any remaining allegations in this paragraph.

7. Jukin denies the allegations in this paragraph.

8. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

9. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

**JURISDICTION AND VENUE**

10. Jukin admits that this action arises under the statutes cited in this paragraph, but denies that Equals Three is entitled to any relief under such statutes.

11. Jukin admits the allegations in this paragraph.

12. The allegations in this paragraph state a legal conclusion and do not

require a response from Jukin.  To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

## FACTUAL ALLEGATIONS

13. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

14. Jukin denies the E3 Episodes feature frequent jump cuts, comedic monologues, graphic elements, textual descriptions, still clips, sound effects, as well as video clips from other sources.  Jukin is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

15. Jukin denies the allegations in this paragraph.

16. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

17. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

18. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

19. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

20. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

21. Jukin admits that an E3 Episode titled "Sheep to the Balls" excerpts eighteen seconds from a Jukin Source Video that runs 1:47 minutes in full.  Jukin admits that an E3 Episode titled "The Resurrection" excerpts twenty-four seconds from a Jukin Source Video that runs 2:03 minutes in full and that the Jukin Source Video was shot in Wisconsin showing a baby bear with his head stuck in a bin and a person using a crane to remove the bin to free the bear. Jukin denies the remaining allegations in this paragraph.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

22. Jukin admits that it has claimed that certain videos used by Equals Three are owned, controlled, or administered by Jukin, and Jukin admits it has objected to Equals Three's use of the videos on the grounds that Equals Three has not obtained and paid for a license from Jukin. Jukin denies any remaining allegations and specifically that Equals Three's usage of the videos constitutes a fair use under copyright law.

23. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

24. Jukin denies the allegations in this paragraph.

25. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

26. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

27. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

28. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

29. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

30. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

31. The allegations in this paragraph state a legal conclusion and do not

require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

32. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

33. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

34. Jukin denies the allegations in this paragraph.

35. Jukin admits it is permitted to advertise on Equals Three's channel, but denies that it advertises on Equals Three's channel. Jukin is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

36. Jukin admits that, under the present appeals system, it has thirty days to respond to each dispute. Jukin denies the remaining allegations in this paragraph.

37. Jukin denies that Equals Three has appealed all of Jukin's rejections. Jukin admits that, under the present appeals system, it has thirty days to respond to appeals and that it timely responded to and Equals Three's appeals. Jukin denies that it denied eleven of Equals Three's appeals with takedown notices. Jukin is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

38. Jukin admits that until now it has not filed a lawsuit against Equals Three, that the videos for which Equals Three submitted counter-notifications were reinstated, and that Jukin has filed additional copyright infringement claims with YouTube. Jukin is without information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

39. Jukin denies the allegations in this paragraph.

40. Jukin is without information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

41. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

42. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

43. Jukin denies the allegations in this paragraph.

44. Jukin denies the allegations in this paragraph.

45. Jukin admits that its videos are popular because of what is conveyed in the video itself. Jukin denies the remaining allegations in this paragraph.

46. Jukin denies the allegations in this paragraph.

47. Jukin denies the allegations in this paragraph.

## FIRST CAUSE OF ACTION

(Alleged Declaratory Relief)

48. Jukin repeats and realleges its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

49. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

50. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

51. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

## SECOND CAUSE OF ACTION

(Alleged Violation of 17 U.S.C. § 512(f)(1))

52. Jukin repeats and realleges its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

53. The allegations in this paragraph state a legal conclusion and do not require a response from Jukin. To the extent a response is required, Jukin denies the allegations set forth in this paragraph.

54. Jukin denies the allegations in this paragraph.

55. Jukin denies the allegations in this paragraph.

56. Jukin denies the allegations in this paragraph.

57. Jukin denies the allegations in this paragraph.

## THIRD CAUSE OF ACTION

(Alleged Violation of Cal. Bus. & Prof. Code § 17200)

58. Jukin repeats and realleges its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

59. Jukin denies the allegations in this paragraph.

60. Jukin denies the allegations in this paragraph.

61. Jukin denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

Jukin sets forth below its affirmative defenses. By setting forth these affirmative defenses, Jukin does not assume the burden of proving any fact, issue, or element of a claim where such burden properly belongs to Equals Three. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Equals Three's allegations.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim for Relief)

1. The Complaint fails to state facts sufficient to constitute any claim for relief against Jukin.

**SECOND AFFIRMATIVE DEFENSE**

(Unclean Hands)

2. Equals Three's claims are barred in whole or in part by the doctrine of unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

(Estoppel)

3. Equals Three's claims are barred in whole or in part by the doctrine of estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

(Consent, Waiver, Abandonment, Laches)

4. Equals Three's claims are barred in whole or in part by the doctrines of consent, waiver, abandonment, and/or laches.

**FIFTH AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

5. Equals Three's claim for injunctive relief is barred in whole or in part because there exists an adequate remedy at law, and Equals Three' claim otherwise fails to meet the requirements for such injunctive relief.

**SIXTH AFFIRMATIVE DEFENSE**

(Unjust Enrichment)

6. Equals Three's claims are barred in whole or in part because any recovery in favor of Equals Three would result in Equals Three' unjust enrichment.

**SEVENTH AFFIRMATIVE DEFENSE**

(Uncertain/Unmanageable Damages)

7. Equals Three's claims for alleged violations of 17 U.S.C. § 512(f)(1) and Cal. Bus. & Prof. Code § 17200 are barred because the requested monetary relief is too speculative, remote, or impossible to prove or allocate.

## EIGHTH AFFIRMATIVE DEFENSE

(Federal Preemption)

8. Equals Three's claim for alleged violation of Cal. Bus. & Prof. Code § 17200 is preempted by federal copyright law.

## NINTH AFFIRMATIVE DEFENSE

(Reservation)

9. Jukin hereby gives notice that it intends to rely upon any additional affirmative defenses that become available or apparent during the pendency of this action and thus reserves the right to amend its Answer to assert such additional defenses.

WHEREFORE, having fully answered the Complaint, Jukin prays for judgment on the Complaint as follows:

1. That Equals Three's Complaint be dismissed and that Equals Three take nothing from Jukin by virtue of the Complaint;

2. That judgment be entered in favor of Jukin and against Equals Three;

3. That Jukin be awarded its attorneys' fees and costs of suit; and

4. For such other and further relief as the Court may deem just and proper.

Dated: January 12, 2015

VENABLE LLP

By: /s/ Tamany Vinson Bentz
  Douglas C. Emhoff
  Tamany Vinson Bentz
  Melissa C. McLaughlin
  Attorneys for Defendant and
  Counterclaimant Jukin Media, Inc.