**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
THOMAS H. VIDAL (204432) tvidal@agmblaw.com
KELSEY SCHULZ (301778) kschulz@agmblaw.com
5900 Wilshire Blvd., Suite 2250
Los Angeles, California 90036
Telephone: (310) 300-2900
Facsimile: (310) 300-2901

Attorneys for Plaintiff and Counter-Defendants
Equals Three, LLC and Ray William Johnson

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUALS THREE, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br>v.<br>JUKIN MEDIA, INC., a California Corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants.<br><br>JUKIN MEDIA, INC., a California Corporation,<br><br>    Counterclaimant,<br>v.<br>EQUALS THREE, LLC, a California limited liability company; and RAY WILLIAM JOHNSON, an individual,<br><br>    Counter-Defendants. | CASE NO. 2:14-cv-09041-SVW-MAN<br><br>**DISCOVERY MATTER**<br><br>Magistrate Judge Alexander F. MacKinnon<br>Courtroom H – 9th Floor<br><br>**EQUALS THREE, LLC'S OPPOSITION TO JUKIN'S EX PARTE APPLICATION TO COMPEL SUBSTANTIVE DISCOVERY RESPONSES AND DOCUMENTS FROM EQUALS THREE**<br><br>Action Filed: November 21, 2015<br>Trial Date:    March 1, 2016 |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

---

**Plaintiff and Counter-Defendant's Opposition to Defendant and Counterclaimant's Ex Parte Application**
Case No. 2:14-cv-09041-SVW-MAN | **1**

RECORD:

Plaintiff and Counter-Defendant Equals Three, LLC ("Equals Three") and Counter-Defendant Ray William Johnson ("Johnson") hereby submit this Opposition to the *Ex Parte* Application to Compel Substantive Discovery Responses ("*Ex Parte* Application") filed by Defendant and Counterclaimant Jukin Media, Inc. ("Jukin").

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

The issues presented by Jukin's *Ex Parte* Application are straightforward. The first issue is whether the Court's Order, ruling on Jukin's Motion For Partial Summary Judgment, is dispositive on Equals Three's fair use defense. The second issue is whether a request for production of documents seeking documents that Equals Three *intends* to use at trial is objectionable on the grounds of the attorney-work-product doctrine.

## II. THE COURT'S ORDER ON SUMMARY JUDGMENT ESTABLISHED EQUALS THREE'S FAIR USE DEFENSE ON 17 OF THE 18 ACCUSED EPISODES.

Jukin's analysis of the effect of the Partial Summary Judgment Order is erroneous. The Court decided the issue of fair use, and Jukin's reliance on *Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc) and the other cited cases on this point is misplaced. The Ninth Circuit only held that the law of the case doctrine does

Abrams Garfinkel Margolis Bergson, LLP
5900 Wilshire Boulevard, Suite 2250
Los Angeles, California 90036
Telephone: (310) 300-2900
Facsimile: (310) 300-2901

not bar district courts from reconsidering pretrial rulings. *Id*. (overruling *Fed. Ins. Co. v. Scarsella Bros.*, Inc., 931 F.2d 599 (9th Cir. 1991)) ("To the extent that Scarsella Bros. purported to hold that the law of the case doctrine bars district courts from reconsidering pretrial rulings, we overrule it."). As the U.S. District Court for the Eastern District of Washington recently concluded: "Thus, the Ninth Circuit did not hold that the doctrine does not apply to pre-trial rulings, as Plaintiffs argue, but rather, that the doctrine does not bar district courts from reconsidering pretrial rulings." *Brophy v. JPMorgan Chase Bank N.A.*, No. 2:14-CV-0411-TOR, 2015 U.S. Dist. LEXIS 146312, at *11-12 (E.D. Wash. Oct. 28, 2015). "It makes no sense…," the *Brophy* court quoted from *Peralta* "to say that if a district court realizes an earlier ruling was mistaken, it can't correct it, but must instead wait to be reversed on appeal. All that would do is waste both the courts' and litigants' time and resources."

This Court did not agree to stay any part of this action, as Jukin contends. The parties voluntarily agreed and recommended to the Court that a motion for partial summary judgment would resolve the fair use question. But the Court would not permit Equals Three to file a cross-motion for summary judgment—which is what Equals Three believed was the appropriate procedure here—because the Court felt that would cause confusion. Still, the Court acknowledged the goal of the Motion For Partial Summary Judgment was to obtain a definitive ruling from the Court, not a "sense" of the Court's leanings on the matter. The Court could not have

issued judgments on those 17 episodes based on the way the Motion was framed.

Moreover, the Court did not conclude that there was a genuine dispute of material fact bearing on fair use that needed to be tried. The Court determined and expressly found that 17 accused episodes were (1) highly transformative, and (2) used only what was reasonably necessary to achieve their transformative purpose, and from that concluded the Equals Three's use was fair as to those 17 episodes. There were no further facts to decide on the question of fair use.

## III. DOCUMENTS THAT EQUALS THREE INTENDS TO USE AS EVIDENCE DURING TRIAL ARE OBJECTIONABLE ATTORNEY-WORK-PRODUCT.

The objectionable request for production of documents seeks any and all documents that Equals Three *intends* to use at trial. The case law Jukin cites does not support the proposition that the attorney-work-product-doctrine is inapplicable to this request. Specifically, the authorities cited[1] apply to waiving the attorney-client privilege with respect to (i) voluntary disclosure or (ii) having used the protected material at trial. Equals Three has neither voluntarily disclosed nor used any protected material at trial. The other case cited deals with witness interviews, which clearly are not applicable here.[2]

---

[1] Jukin cited The Rutter Group, Cal. Prac. Guide Fed. Civ. Pro. Before Trial, Ch. 11(III)-B § 11:980 ("Work product protection may be waived by voluntary disclosure or using the protected material as evidence at trial.") (citing United States v. Nobles 422 US 225, 230, 95 S.Ct. 2160, 2170-2171 (1975)

[2] Jukin cited Hernandez v. Tanninen 604 F3d 1095, 1100 (9th Cir. 2010) [work product protection for attorney's notes of witness interview waived with respect to

Abrams Garfinkel Margolis Bergson, LLP
5900 Wilshire Boulevard, Suite 2250
Los Angeles, California 90036
Telephone: (310) 300-2900
Facsimile: (310) 300-2901

This request at issue literally asks Equals Three to share its and its attorneys' thoughts, impressions, and conclusions as to what documents are relevant or helpful to Equals Three's claims and defenses, what documents might be used to impeach witnesses, and many other points that bear on trial strategy. The request is improper. Equals Three is not required (at this stage in the proceedings) to disclose to Jukin (or its attorneys) what documents it may or may not use at trial.

Finally, Jukin makes the faulty claim that Equals Three's objection means that it will not be producing any documents and that Equals Three's intention is to withhold documents in discovery but try to use them down the line at trial. Both points are untrue. Jukin has asserted numerous requests for production to which Equals Three has not objected. Equals Three does not have a problem producing documents in this case. Those very requests may cover the same documents that could conceivably be covered by this objectionable request. Equals Three objects to Jukin's improper attempt to force disclosure of Equals Three's trial strategy. Jukin should have propounded a more artfully drafted request.[3]

**IV. THE EX PARTE APPLICATION DOES NOT COMPLY WITH L.R. 37-2 AND 37.3.**

Discovery motions under L.R. 37-2 must be presented by way of a joint

---

matters covered in testimony])

[3] For example, the request could have, but did not, seek documents Plaintiff contends support its case. That might be less objectionable because it is seeking facts, not attorney thoughts and impressions.

Plaintiff and Counter-Defendant's Opposition to Defendant and
Counterclaimant's Ex Parte Application
Case No. 2:14-cv-09041-SVW-MAN | **5**

stipulation. Jukin has not complied with that requirement. Furthermore, L.R. 37-3 provides that discovery motions shall not be filed or heard on an *ex parte* basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party. Here, there is no irreparable injury or prejudice. Because of the procedural posture of this case, no initial disclosures were made by any parties to the case. The Court never entered any kind of discovery order in this case. Further, Plaintiff is severely prejudiced by the time limit to respond to this *ex parte* application and is not in a position to fully develop its arguments in support of the properly asserted objections to these discovery requests.

## V. CONCLUSION

Based on the foregoing analysis, the Court should deny Jukin's ex parte application.

Respectfully Submitted,

DATED: January 12, 2016      ABRAMS GARFINKEL MARGOLIS BERGSON, LLP

By: ___/s/ Thomas H. Vidal___
Thomas H. Vidal
Kelsey Schulz
Attorneys for Plaintiff/Counter-Defendant Equals Three, LLC & Counter-Defendant Ray William Johnson

---

**Plaintiff and Counter-Defendant's Opposition to Defendant and Counterclaimant's Ex Parte Application**
Case No. 2:14-cv-09041-SVW-MAN | **6**