UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **CV 14-09041 SVW (AFMx)**                    Date:  **January 13, 2016**

Title    **Equals Three, LLC v. Jukin Media, Inc., et al.**

Present: The Honorable:    **ALEXANDER F. MacKINNON, U.S. Magistrate Judge**

| Ilene Bernal | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Jukin Media, Inc.'s Ex Parte Application to Compel Substantive Discovery Responses and Documents From Equals Three, LLC (Filed January 11, 2016; ECF No. 75)**

**Background**:  On January 11, 2016, Defendant/counterclaimant Jukin Media, Inc. ("Jukin") filed an Ex Parte Application to Compel Substantive Discovery Responses and Documents from Equals Three, LLC."  (ECF No. 75.)  On January 12, 2016, Plaintiff/counterclaim defendant Equals Three, LLC and Counterclaim defendant Ray William Johnson (collectively "Equals Three") filed an Opposition to the Ex Parte Application.  (ECF No. 76.)  In the Ex Parte Application, Jukin seeks an order compelling production of documents by Equals Three in response to Requests for Production 2, 3, 4, 5, 6, 7, 13, 14, 17, 18, 20, and 23, as well as responses to Interrogatories 1 and 5.  Jukin seeks these documents and interrogatory responses for use in upcoming depositions of Equals Three.  Equals Three has informed Jukin that it will not respond to the discovery requests to the extent they seek documents or information regarding 17 of the 18 accused videos that are at issue in this copyright case.  According to Equals Three, the District Court's Order Granting In Part and Denying In Part Jukin Media, Inc.'s Motion for Partial Summary Judgment and Judgment (ECF No. 68) determined that the 17 videos constitute fair use.  Based on this reading of the District Court's summary judgment order, Equals Three takes the position that discovery concerning these 17 videos is not relevant or reasonably likely to lead to the discovery of admissible evidence.  Equals Three further has stated that it will not produce documents in response to Request No. 2 (seeking documents Equals Three intends to use as evidence at trial) on the basis of the attorney work product doctrine.  In addition, Equals Three opposes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  **CV 14-09041 SVW (AFMx)**					Date:  **January 13, 2016**

Title    **Equals Three, LLC v. Jukin Media, Inc., et al.**

Jukin's application because it was not brought in the form of a joint stipulation under Local Rule 37.2.

**Consideration of These Issues Via An Ex Parte Application**:  Trial is set in this case for March 1, 2016, and the pretrial conference is scheduled for February 22, 2016.  Jukin has noticed depositions of Equals Three for the near future, and the documents and information at issue are likely to be useful for these depositions.  The parties have engaged in an exchange and discussion of certain objections to the written discovery to assist in the efficient resolution of discovery disputes.  Given the amount of time available for discovery before the pretrial conference and trial, the importance of at least one of the issues to the progress of discovery in the case, and the nature of the issues presented in the Ex Parte Application, the Court in exercise of its discretion concludes that this is an appropriate matter for resolution on an ex parte basis and without a joint stipulation pursuant to Local Rule 37-3.  Waiting several weeks to resolve the issues via a regular noticed motion with a joint stipulation would likely cause irreparable injury to the parties by delaying progress of discovery under the schedule in this case or by creating a need for repeat depositions after a ruling was provided.

**Equals Three's Objections Based on the District Court's Summary Judgment Order**: The crux of Equals Three's objection to producing documents and information concerning 17 of the accused videos is that the District Court has already ruled that those videos constitute fair use by Equals Three and thus no discovery is necessary regarding those videos.  Based on the procedural context of the October 13, 2015 order and the stated conclusions of that order, this Court does not agree with Equals Three's position and overrules Equals Three's objections to Jukin's document requests and interrogatories based on the October 13, 2015 order.

By its motion, Jukin sought summary judgment that Equals Three's videos were not fair use: "a determination that Equals Three's use was not 'fair use' will likely be case dispositive." (ECF No. 34 at p. 9.)  After a detailed analysis of the law and the factual material submitted by both sides in connection with Jukin's motion, the District Court granted the motion in part and denied the motion in part.  It granted the motion in finding that one accused video (Sheep to Balls) is not fair use.  (ECF 68 at p. 17.)  The District Court then denied Jukin's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 14-09041 SVW (AFMx)**                                    Date:  **January 13, 2016**

Title          **Equals Three, LLC v. Jukin Media, Inc., et al.**

motion for the remaining 17 videos, stating: "Jukin (as the movant) has failed to carry its burden of showing that it is entitled to judgment as a matter of law regarding whether these episodes are fair use." (*Id*.) In the "Order" portion of the document, the District Court stated its finding regarding the Sheep to Balls video and granted partial summary judgment in favor of Jukin to that effect. (*Id*. at 18.) For the remainder of the videos, the Order provides: "For the aforementioned reasons, the Court DENIES Jukin's motion for summary judgment in all other respects." (*Id*.) The fact that Jukin did not prevail as a summary judgment movant seeking a finding of no fair use for 17 of the accused videos does not lead to the conclusion that fair use exists as a matter of law for these videos, and the District Court did not enter partial summary judgment in favor of Equals Three. The issue of whether the accused videos (other than Sheep to Balls) constitute fair use is an appropriate area for discovery in preparation for trial.

**Equals Three's Objection to Document Request No. 2 Based on the Attorney Work Product Doctrine**: Jukin's Request for Production No. 2 seeks from Equals Three "[a]ny and all Documents You intend to use as evidence during any trial in this matter." Equals Three has objected to producing documents in response to this request on the ground that it invades the attorney work product doctrine by prematurely seeking identification of documents counsel intends to use at trial. In connection with the pretrial conference and preparation of the pretrial order, the parties will be required to exchange lists of exhibits and to create a joint exhibit list. The Court will not require Equals Three to accelerate that process by, in effect, producing such an exhibit list now in response to Document Request No. 2 and thus will not require document production in response to that request as specifically phrased. However, as Equals Three itself acknowledges, it may likely be the case that all documents later found on the Equals Three's trial exhibit list will need to be produced during discovery in response to other document requests, including for example, a request for all documents a party contends support its case.

**Jukin's Request for an Order Regarding Conduct of Upcoming Depositions**: As part of its Ex Parte Application, Jukin asks for an order requiring Equals Three to respond to deposition questions concerning the 17 accused videos from Equals Three, as well as the corresponding source videos from Jukin. The Court will not make an advisory ruling about

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  **CV 14-09041 SVW (AFMx)**                          Date:  **January 13, 2016**

Title    **Equals Three, LLC v. Jukin Media, Inc., et al.**

questions to be asked in future depositions. Nevertheless, the Court's ruling above overruling Equals Three's objection to document requests and interrogatories based on the District Court's October 13, 2015 order should provide guidance to the parties for the conduct of the depositions.

**Other Objections by Equals Three Regarding Document Requests and Interrogatories**:
The Court is aware that parties agreed to an early exchange of certain objections to Jukin's discovery requests and that it is possible Equals Three may attempt to assert additional objections pursuant to that agreement. The Court is not addressing the propriety of further objections, but expects that the parties should be able to resolve any such objections through the meet and confer process so that discovery proceeds promptly and efficiently.

Accordingly, as set forth above, the Court grants in part and denies in part Jukin's Ex Parte Application.

IT IS SO ORDERED.

|  | : |
|---|---|
| **Initials of Preparer** | ib |