VENABLE LLP
Douglas C. Emhoff (SBN 151049)
demhoff@venable.com
Jessica Grant (SBN 178138)
jgrant@venable.com
Tamany Vinson Bentz (SBN 258600)
tjbentz@venable.com
Melissa C. McLaughlin (SBN 273619)
mcmclaughlin@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

Attorneys for Defendant and
Counterclaimant Jukin Media, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUALS THREE, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> JUKIN MEDIA, INC., a California corporation, and DOES 1 through 50, inclusive, <br><br> Defendants. <br><br> ——————————————— <br><br> JUKIN MEDIA, INC., a California corporation, <br><br> Counterclaimant, <br><br> v. <br><br> EQUALS THREE, LLC, a California limited liability company; and RAY WILLIAM JOHNSON, an individual, <br><br> Counterclaim Defendants. | CASE NO. 2:14-cv-09041-SVW (AFMx) <br><br> Hon. Stephen V. Wilson <br> Courtroom 6 <br><br> **JUKIN MEDIA, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** <br><br><br> Final Pretrial Conference <br> Date:    February 22, 2012 <br> Time:   3:00 p.m. <br> Ctrm:    6 <br><br> Action Filed:   Nov. 21, 2014 <br> Trial Date:     March 1, 2016 |

## I. INTRODUCTION

Defendant and Counterclaimant Jukin Media, Inc. ("Jukin"), pursuant to Local Rule 16-4, hereby submits this Memorandum of Contentions of Fact and Law.

## II. EQUALS THREE'S CLAIMS

### A. Summary Statement of Equals Three's Claims

Claim 1: Equals Three, LLC ("Equals Three") seeks a declaratory judgment that its use of Jukin's copyrighted videos (the "Jukin Original Videos") is lawful under the fair use doctrine and does not infringe on Jukin's copyrights.

Claim 2: Equals Three claims that Jukin knowingly materially misrepresented that Equals Three committed copyright infringement in violation of 17 U.S.C. § 512(f)(1).

Claim 3: Equals Three claims that Jukin committed acts of unfair competition as defined in Cal. Bus & Prof Code § 17200.

### B. Elements Required to Establish Equals Three's Claims

Claim 1: Declaratory Judgment – Fair Use

To show there is standing for a declaratory judgment action, Equals three must prove:

1. An actual and substantial controversy has arisen, and now exists, between Equals Three and Jukin concerning their respective rights to use the Jukin Original Videos;
2. Equals Three and Jukin have adverse legal interests;
3. The controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment;
4. The parties desire a judicial determination of the parties' respective rights to use the Jukin Original Videos;
5. A judicial declaration is necessary and appropriate in order to set at rest the respective rights of the parties.

*See* 28 U.S.C. § 2201; *Hollywood Foreign Press Ass'n v. Red Zone Capital Partners II*, 870 F. Supp. 2d 881, 916 (C.D. Cal. 2012) (stating elements of declaratory relief).

To show its use was a fair use, Equals Three must show, by a preponderance of the evidence, that the following factors weigh in its favor:

    i. the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

    ii. the nature of the copyrighted work;

    iii. the amount and substantiality of the portion used in relation to the copyrighted work as a whole;

    iv. the effect of the use upon the potential market for or value of the copyrighted work.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.18.

<u>Claim 2</u>: 17 U.S.C. § 512(f)(1) Liability

Equals Three must prove by a preponderance of the evidence that:

1. Jukin knowingly and materially misrepresented in its takedown notifications that it had formed a good faith belief that the E3 episodes did not constitute fair use.
2. YouTube relied on Jukin's misrepresentations;
3. Equals Three suffered an injury as a result.

*Lenz v. Universal Music Corp.,* 801 F.3d 1126, 1137 (9th Cir. 2015)*; Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1026 (N.D. Cal. 2015); 17 U.S.C. § 512(f)(1).

<u>Claim 3</u>: Unfair Competition

Equals Three must prove by a preponderance of the evidence that:

1. Jukin engaged in practices that were unfair, unlawful, or fraudulent;
2. Jukin's unfair, unlawful, and/or fraudulent acts and practices present a continuing threat to Equals Three and to members of the public;
3. Equals Three suffered harmed as a direct and proximate result of Jukin's

conduct.

### C. Key Evidence, Element by Element, for Defendant Jukin in Opposition to Equals Three's Claims

Claim 1: Declaratory Judgment of Fair Use (17 U.S.C. § 107)

*See* section V.B. *infra*.

Claim 2: 17 U.S.C. § 512(f)(1) Liability

    1. Jukin did not knowingly and materially misrepresent that copyright infringement occurred

Testimony from Jonathan Skogmo, Jukin's Founder and CEO, Civonne Ahahl, Jukin's Director of Rights Management, and possibly Christina Smith, Jukin's Director of Content, and Joe Moschella, Jukin's General Counsel, will show that Jukin considered the possibility that Equals Three engaged in fair use prior to sending takedown notifications to Youtube. Jukin reasonably concluded that Equals Three's use was not a fair use of Jukin's content. Additionally, correspondence between the parties further supports Jukin's position that it considered fair use.

    2. YouTube relied on Jukin's misrepresentations

Before issuing DMCA takedown notifications, Jukin determined, in good faith, that Equals Three's use of the Jukin Original Videos did not constitute fair use. Nonetheless, Equals Three does not have evidence of Youtube's reliance on any representation by Jukin.

    3. Equals Three suffered injury as a result

Any injury suffered by Equals Three is belied by the fact that Equals Three committed copyright infringement because its use of the Jukin Original Videos does not constitute fair use.

Claim 3: Unfair Competition

This claim is preempted by Copyright law. *See* section III.B.3 *infra*.

### III. JUKIN'S AFFIRMATIVE DEFENSES

3

**A.      Summary Statement of Jukin's Affirmative Defenses**

1.      <u>Fifth Affirmative Defense</u>: Adequate Remedy at Law.  Equals Three's claim for injunctive relief is barred in whole or in part because there exists an adequate remedy at law, and Equals Three's claim otherwise fails to meet the requirements for such injunctive relief.

2.      <u>Seventh Affirmative Defense</u>: Uncertain/Unmanageable Damages.  Equals Three's claims for alleged violations of 17 U.S.C. § 512(f)(1) and Cal. Bus. & Prof. Code § 17200 are barred because the requested monetary relief is too speculative, remote, or impossible to prove or allocate.

3.      <u>Eighth Affirmative Defense</u>: Federal Preemption.  Equals Three's claim for alleged violation of Cal. Bus. & Prof. Code § 17200 is preempted by federal copyright law.

**B.      Elements and Evidence Required to Establish Jukin's Affirmative Defenses**

1.      <u>Elements and evidence required to establish Jukin's sixth affirmative defense of adequate remedy at law</u>

Injunctive relief will be denied if Equals Three has an alternative legal remedy that will provide the same relief. *See Weaver v. Florida Power & Light Co.*, 172 F.3d 771, 773 (11th Cir. 1999); The Rutter Group, Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 13-C § 13:63.20.  In its prayer for relief, Equals Three requested "that the court enjoin [Jukin] from asserting a copyright claim against Equals Three in connection with Jukin Materials." Compl. at 12.  This needless request should be disregarded by the Court, because 17 U.S.C. § 512(f) provides for the recovery of "any damages," including nominal damages incurred by the alleged infringer. *Lenz*, 801 F. 3d at 1137.

Moreover, "an injunction must be narrowly tailored . . . to remedy only the *specific* harms shown by [] plaintiffs." *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. 2004) (emphasis added).  In its Complaint, Equals Three failed to

allege, with any specificity, why it is entitled to injunctive relief. For example, Equals Three did not indicate which specific E3 shows it is seeking to protect from copyright infringement allegations. Instead, to support its claim under § 512(f), Equals Three made threadbare assertions that it had been "irreparably" injured due to "financial and personal expenses associated with responding to the claim of infringement, harm to its free speech rights . . . and "attorneys' fees and costs." Compl. ¶ 57.

Equals Three's purported injuries do not merit injunctive relief. First, it is well-settled that litigation costs are generally not a sufficient injury to support injunctive relief. *Briggs & Stratton Corp. v. Local 232, Int'l Union, Allied Indus. Workers of Am. (AFL-CIO)*, 36 F.3d 712, 714 (7th Cir. 1994); *Tejidos de Coamo, Inc. v. Int'l Ladies' Garment Workers' Union*, 22 F.3d 8, 14 (1st Cir. 1994). And, while a First Amendment claim "certainly raises the specter" of irreparable harm, a plaintiff must still establish the likelihood of irreparable injury and the balance of equities and public interest tip in plaintiff's favor before an injunction may issue. *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011). Since Equals Three has done neither, its unsubstantiated request for injunctive relief should be denied.

> 2. <u>Elements and evidence required to establish Jukin's seventh affirmative defense of uncertain/unmanageable damages</u>

Jukin must prove that Equals Three's damages for alleged violations of 17 U.S.C. § 512(f)(1) and Cal. Bus. & Prof. Code § 17200 are speculative, remote, imaginary, contingent, or merely possible. *Piscitelli v. Friedenberg*, 87 Cal. App. 4th 953, 989 (2001).

Jukin will present evidence indicating that Equals Three's assertion of damages are speculative, including testimony regarding the monetization of Equals Three's shows and related analytics.

3. <u>Elements and evidence required to establish Jukin's eighth affirmative defense of federal preemption</u>

Jukin must prove the following elements to satisfy this affirmative defense: (1) The works at issue fall within the subject matter of Copyright; and (2) Cal. Bus. & Prof. Code § 17200 creates rights that are equivalent to any of the exclusive rights within the general scope of Copyright. *See Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir.2004).

First, the works at issue fall within the subject matter of the Copyright Act. In the present action, Equals Three seeks a declaratory judgment that its use of the Jukin Original Videos does not constitute copyright infringement because Equals Three engaged in fair use. The Jukin Original Videos are "audiovisual works" that can and are copyrighted. 17 U.S.C. § 102(a)(5). Therefore, the subject works that Equals Three seeks permission to use under the fair use doctrine are clearly works that fall within the "subject matter" of the Copyright Act. This is evidenced by Jukin's copyright registrations.

Second, Equals Three's unfair competition claim is based solely on rights equivalent to those protected by federal copyright laws. In its complaint, Equals Three failed to clearly allege how its state law unfair competition claim is "qualitatively different from [its] copyright . . . claim," as required to distinguish unfair competition from copyright protection. *See Summit Mach. Tools Mfg. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1440 (9th Cir. 1993). Instead, Equals Three's unfair competition claim incorporates by reference paragraphs from its declaratory judgment of fair use and 17 U.S.C. 512(f)(1) claims. Compl. ¶ 58. Further, Zoomin's complaint alleges that Jukin "committed acts of unfair competition as defined by Business and Professions Code section 17200 in performing the acts described herein and in failing to perform the acts described herein because these practices and acts were unfair, unlawful, or fraudulent." Compl. ¶ 59. The only other paragraph of consequence under Equals Three's unfair competition claim

alleges that "[t]he unfair, and/or fraudulent acts and practices of Defendants present a continuing threat to Plaintiff and to members of the public in that these acts and practices are ongoing and are harmful and disruptive to Internet commerce and the market for digitally-distributed episodic series." Compl. ¶ 60. Because Equals Three's unfair competition claim is based exclusively on rights equivalent to those protected by federal copyright laws, the second prong of the preemption test is met.

IV.   **JUKIN'S COUNTERCLAIM**

    A.   **Summary Statement of Jukin's Counterclaim**

Jukin's Counterclaim for copyright infringement is based on the fact that Equals Three and Ray Williams Johnson ("Johnson") have and continue to willfully infringe Jukin's rights by using the Jukin Original Videos for commercial purposes.

    B.   **Elements of the Counterclaim**

1. Jukin is the owner of valid copyrights;

2. Equals Three copied original elements from the copyrighted work.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.4.

    C.   **Key Evidence for the Counterclaim**

        1.   <u>Ownership</u>

Jukin is the owner of a valid copyright in the videos listed below if Jukin proves by a preponderance of the evidence that: (1) Jukin's work is original; and (2) Jukin received a transfer of the copyright. *See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.5.

            a.   *Jukin is the exclusive licensee of the copyrights*

In this case, Jukin does not claim to be the creator of the copyrighted video at issue. Instead, Jukin claims the copyright by virtue of an exclusive license from the work's creator and that Jukin is now the exclusive licensee of the copyright. A copyright owner may transfer exclusively to another person any of the rights

comprised in the copyright. To be valid, the transfer must be in writing. The person to whom this right is transferred is called a licensee. An exclusive licensee has the rights to exclude others from copying the work to the extent of the rights granted in the license. An exclusive licensee is entitled to bring an action for damages for copyright infringement of the right licensed. A nonexclusive licensee has a right to exclude others who do not have a right to copy the work.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.11.

| Jukin Video | Acquisition Date | License Agreement |
|---|---|---|
| Black Bear | July 8, 2014 | • JUKIN0000143- JUKIN0000144 |
| Disney Video | July 3, 2014 | • JUKIN0000085- JUKIN0000087 |
| Groom drops Bride | October 28, 2014 | • JUKIN0000069- JUKIN0000071 |
| Funny … Wasp stings man while wife laughs! | September 25, 2015 | • JUKIN0000076- JUKIN0000078 |
| Insane Dodge Ball Kill! | October 5, 2012 | • JUKIN0000009- JUKIN0000011<br>• JUKIN0000001 |
| Skim Board Fail | July 25, 2013 | • JUKIN0000055- JUKIN0000059<br>• JUKIN0000001 |
| Dog Gets Spoon Fed | October 28, 2014 | • JUKIN0000037- JUKIN0000039 |
| Road worker trick fail | September 7, 2014 | • JUKIN0000044- JUKIN0000046 |
| Dog thinks terrace door is closed | September 28, 2014 | • JUKIN0000032- JUKIN0000034 |
| Mommys Big Secret :) This is a Must See | August 28, 2014 | • JUKIN0000101- JUKIN0000103 |
| Burning My Hair Off – Original Video | February 22, 2013 | • JUKIN0000012- JUKIN0000014<br>• JUKIN0000001 |
| 500 Smith & Wesson tree fail | October 20, 2014 | • JUKIN0000094- JUKIN0000096 |
| Trampoline hump dog original | February 23, 2012 | • JUKIN0000112- JUKIN0000116<br>• JUKIN0000001 |
| Edelweiss Bear Take Out 2 | August 2, 2013 | • JUKIN0000121- JUKIN0000125<br>• JUKIN0000001 |
| Amazing Skydivers Land Safely After Plane Crash | November 19, 2013 | • JUKIN0000131- JUKIN0000134 |
| Went beautifully | May 13, 2012 | • JUKIN0000138- JUKIN0000139<br>• JUKIN0000002- JUKIN0000007 |
| Dachshund vs Crab | June 25, 2012 | • JUKIN0000150- JUKIN0000152 |

| Jukin Video | Acquisition Date | License Agreement |
|---|---|---|
| | | • JUKIN0000001 |

b. *Originality*

An original work may include or incorporate elements taken from prior works, works from the public domain, works owned by others, with the owner's permission. The original parts of Jukin's videos are the parts created:

1. independently by the videos creator author, that is, the author did not copy it from another work; and

2. by use of at least some minimal creativity.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.12. The originality of Jukin's videos is evidenced by Jukin's copyright registrations on the videos.

2. <u>Copying</u>

Equals Three admitted it copied Jukin's videos and evidence of copying may consist of a defendant's admission that he copied. *Norse v. Henry Holt & Co.*, 991 F.2d 563, 566 (9th Cir. 1993). In Equals Three's Complaint it admitted it used Jukin's video in its episode "The Resurrection". Dkt. 1 at ¶ 21. Equals Three further admitted its use in its Separate Statement of Genuine Disputes of Material Fact in Opposition to Jukin's Motion for Partial Summary Judgment, as it did not dispute that it "used" most of the videos at issue. Further, in Kaja Martin's Declaration in Opposition to Jukin's Motion for Partial Summary Judgment, she lists the 18 Equals Three Episodes "contain one or more Jukin-Claimed Source Videos" (Martin Decl. at ¶ 13) and Kelly Landry confirmed most of these during her depositions.

The plaintiff may also show the defendant copied from the work by showing by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work. *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1018 (9th Cir.1985).

Access may be shown when the plaintiff's work has been widely disseminated. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000). Here, the Jukin Original Videos are widely disseminated via its YouTube multi-channel network and Jukin's own content-focused websites. As of December 2014, Jukin's YouTube network garnered over 750 million monthly views and 2.5 billion viewed minutes per month. Declaration of Christina Smith in Support of Jukin's Motion for Partial Summary Judgment ("Smith Decl.") at ¶ 8.

Substantial similarity may be established when "the fundamental essence or structure of one work is duplicated in another." 4-13 Nimmer on Copyright § 13.03 (2015). "If such duplication is literal or verbatim, then clearly substantial similarity results." *Id*. Here, the fundamental essence or structure of the Jukin Original Videos was duplicated in Equals Three's accused show. This was not only admitted by Equals Three but can also be shown by comparing the videos at issue in this case.

## V.  ISSUES OF FACT AND LAW

### A.  Identification of Any Anticipated Evidentiary Issues, Together with the Parties' Position on Those Issues.

Jukin has submitted a number of evidentiary objections which address some of the principal evidentiary issues in the case.

The following evidentiary objections have been filed:

- Equals Three's Evidentiary Objections to the Declaration of Andrew Dignan
- Equals Three's Evidentiary Objections to the Declaration of Regie Ramas
- Equals Three's Evidentiary Objections to the Declaration of Christina Smith
- Jukin's Evidentiary Objections to the Declaration of Kaja Martin
- Jukin's Evidentiary Objections to the Declaration of Aaron Colom

10

- Jukin's Evidentiary Objections to the Declaration of Kelly Landry
- Jukin's Evidentiary Objections to the Declaration of Ray Williams Johnson.

In addition, Jukin plans to file a motion in limine precluding Equals Three from mentioning or relying on the Court's decision denying Jukin's Motion for Partial Summary Judgment. Jukin believes Equals Three intends to file a motion in limine precluding Jukin from relying on certain screen shots of Equals Three's Youtube shows.

### B. Whether Equals Three's Use of the Jukin Original Videos Constitutes Fair Use

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest. Such use of a copyrighted work is called a fair use. The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Equals Three contends that it made fair use of the copyrighted work for the purpose of criticism or comment. Equals Three has the burden of proving this defense by a preponderance of the evidence.

To prove fair use, Equals Three must show by a preponderance of the evidence that the following factors weigh in its favor:

1. the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

2. the nature of the copyrighted work;

3. the amount and substantiality of the portion used in relation to the copyrighted work as a whole;

4. the effect of the use upon the potential market for or value of the copyrighted work.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 17.18.

### 1. Purpose and Character of the Use

Equals Three characterizes itself as a "commercial enterprise." (SUF 29). Equals Three also alleges its infringing conduct is commercial because it monetizes its show on Youtube. (*Id*.)

Equals Three admitted the charter of its use is the same as Jukin's use. Equals Three admitted that the videos it uses are not the story it is intending to tell in its show. Dkt. 1, Complaint at ¶ 15. Equals Three further characterized at least some of its videos as poking fun at social themes in the videos, which is not fair use. *Id.* Accordingly, the testimony of Equals Three's writer, Kelly Landry, further indicates that the Equals Three's show is not fair use because it is, at most, a satire on societal themes.

### 2. Nature of the Copyrighted Work

The nature of Jukin's work is creative as evidenced by its copyright registrations for the videos at issue in this case. Dkt. 68, at 13. This is furthermore shown by the videos themselves.

### 3. Amount and Substantiality of the Portion Used

Equals Three took the heart of Jukin's videos and specifically admitted this with respect to at least one video, "Black Bear Milk Bottle Rescue," that was used in the Equals Three episode "The Resurrection." Martin Decl. at ¶ 15.

### 4. Market Harm

Equals Three's viewers no longer have a need to view the Jukin videos used by Equals Three from authorized sources, which causes Jukin to lose views on its own YouTube network and websites and adversely affects the market for Jukin's videos.

There is a direct link between Equals Three's use of Jukin's videos and an increase of infringing copies of those videos on other channels. The increase in

1 infringing copies lowers the number of views the original video posting receives,
2 which reduces the advertising revenue the video receives. When the advertising
3 revenue is reduced the creators and Jukin are deprived of recurring revenue. Smith
4 Decl. at ¶ 49.

5 Equals Three's use also reduces the licensing revenue the video receives.
6 Jukin's analytics show when a video receives less than 10% of its views on the
7 original video, it loses substantial licensing revenue. Many of the videos used by
8 Equals Three receive less than 10% of the views on the original video.

9 Jukin is also missing out on capturing viewers who may engage in repeated
10 viewing within Jukin's network and the conversion of single-time viewers to long-
11 term viewers or subscribers. Jukin's YouTube network has received
12 approximately 663,181,921 views from 13,860,000 unique viewers, which
13 indicates a high number of viewers engage in repeat viewing. *Id*. at ¶¶ 51-52.

14 In addition, when a person hears about a Jukin video and searches online to
15 find it, the search may lead the person to watch an infringing copy of the video
16 rather than watch it on Jukin's YouTube network or websites, with infringing
17 copies of the video appearing within the same search results as the original or
18 properly licensed copies. This has happened when Jukin employees searched for
19 Jukin videos and will be supported by testimony of Christina Smith, Jukin's
20 Director of Content, John Skogmo, Jukin's Founder and CEO, and/or John Grande,
21 Head of Analytics.

22 In connection with the Equals Three show, Equals Three sometimes
23 attributes Jukin's videos to other infringers by providing links that direct viewers
24 to other infringing copies of the videos, rather than to Jukin's network. *Id*. at ¶ 55.
25 Jukin can show this through the testimony of Christina Smith, Jukin's Director of
26 Content, and through documents evidencing the references in Equals Three's show
27 and the links provided therein.

28 **C. Whether Equals Three Engaged in Willful Infringement**

Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
310-229-9900

1 An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence: (1) the defendant engaged in acts that infringed the copyright; and (2) the defendant knew that those acts infringed the copyright. Documents produced by Equals Three indicate it was aware of who owned the videos it was using. *See, e.g.*, E3000967-68.

## VI. **BIFURCATION OF ISSUES**

Jukin believes that the copyright case should be tried first because, if Equals Three's use of the Jukin Original Videos is not found to be fair use, Jukin is not liable under 17 U.S.C. § 512(f).

## VII. **JURY TRIAL**

Jukin made a timely demand for jury trial. The issues of copyright infringement and 17 U.S.C. § 512(f) liability are triable before a jury.

## VIII. **ABANDONMENT OF ISSUES**

1. Jukin abandons its first affirmative defense of failure to state a claim upon which relief can be granted.
2. Jukin abandons its second affirmative defense of unclean hands.
3. Jukin abandons its third affirmative defense of estoppel.
4. Jukin abandons its fourth affirmative defense of consent, waiver, abandonment, laches.
5. Jukin abandons its sixth affirmative defense of unjust enrichment.
6. Jukin abandons its claim based on the Jukin video "Camera falls from airplane and lands in pig pen – MUST WATCH END"

Dated: February 1, 2016

VENABLE LLP

By: /s/ Tamany Vinson Bentz
   Douglas C. Emhoff
   Jessica Grant
   Tamany Vinson Bentz
   Melissa C. McLaughlin

Attorneys for Defendant and
Counterclaimant Jukin Media, Inc.