1  VENABLE LLP
   Douglas C. Emhoff (SBN 151049)
2  demhoff@venable.com
   Jessica L. Grant (SBN 178138)
3  jgrant@venable.com
   Tamany Vinson Bentz (SBN 258600)
4  tjbentz@venable.com
   Melissa C. McLaughlin (SBN 273619)
5  mcmclaughlin@venable.com
   2049 Century Park East, Suite 2100
6  Los Angeles, CA  90067
   Telephone:   (310) 229-9900
7  Facsimile:   (310) 229-9901

8  Attorneys for Defendant and
   Counterclaimant Jukin Media, Inc.

9              **UNITED STATES DISTRICT COURT**

10       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11

12  EQUALS THREE, LLC, a California          CASE NO. 2:14-cv-09041-SVW
    limited liability company,               (AFMx)

13                                           Hon. Stephen V. Wilson
                    Plaintiff,               Courtroom 6
14
           v.                                **DEFENDANT AND**
15                                           **COUNTERCLAIMANT JUKIN**
    JUKIN MEDIA, INC., a California          **MEDIA, INC.'S NOTICE OF**
16  corporation, and DOES 1 through 50,      **MOTION AND MOTION** *IN*
    inclusive,                               *LIMINE* **TO EXCLUDE**
17                                           **EVIDENCE OF THE COURT'S**
                    Defendants.              **DENIAL IN PART OF JUKIN'S**
18                                           **MOTION FOR PARTIAL**
    _____         **SUMMARY JUDGMENT;**
19  JUKIN MEDIA, INC., a California          **MEMORANDUM OF POINTS**
    corporation,                             **AND AUTHORITIES IN**
20                                           **SUPPORT THEREOF**
                    Counterclaimant,
21                                           Date:       February 22, 2016
           v.                                Time:       1:30 p.m.
22
    EQUALS THREE, LLC, a California          Action Filed: Nov. 21, 2014
23  limited liability company; and RAY       Trial Date:   March 1, 2016
    WILLIAM JOHNSON, an individual,
24
                    Counterclaim
25                  Defendants.

26  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

27         PLEASE TAKE NOTICE THAT on February 22, 2016 at 1:30 p.m., or as

28
                                     1
                                              JUKIN'S MOTION IN LIMINE

*Sidebar:* VENABLE LLP / 2049 CENTURY PARK EAST, SUITE 2100 / LOS ANGELES, CA 90067 / 310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

soon thereafter as the matter may be heard before the Honorable Stephen V. Wilson, located at 312 N. Spring Street, Los Angeles, California 90012, Defendant and Counterclaimant Jukin Media, Inc. ("Jukin") will and hereby does move the Court, *in limine*, to exclude evidence of the Court's denial in part of Jukin's Motion for Partial Summary Judgment.

The denial of partial summary judgment is not relevant to this case, would be unfairly prejudicial, and is likely to confuse and mislead the jury.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the papers and pleadings on file in this action, and such other and further papers and argument as may be submitted to the Court.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which occurred on January 29, 2016 in accordance with the parties' Stipulation to Shorten Notice Period and Set Briefing Schedule for Motions *in Limine*. (Dkt. 79).

Dated:  February 3, 2016                    VENABLE LLP

By:   /s/ Melissa C. McLaughlin
Douglas C. Emhoff
Jessica Grant
Tamany Vinson Bentz
Melissa C. McLaughlin
Attorneys for Defendant and
Counterclaimant Jukin Media, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant and Counterclaimant Jukin Media, Inc. ("Jukin") respectfully submits this Memorandum of Points and Authorities in support of its Motion *in Limine* to Exclude Evidence of the Court's Denial of Jukin's Motion for Partial Summary Judgment.

## I.   INTRODUCTION

Jukin contends that Plaintiff and Counterclaim Defendant Equals Three, LLC and Counterclaim Defendant Ray William Johnson (collectively, "Equals Three") engaged in copyright infringement by using Jukin's videos in its YouTube show titled "Equals Three" without obtaining a license and without Jukin's authorization.  Equals Three admits to publishing Jukin's videos, but claims that its use is protected by the fair use defense under 17 U.S.C. § 107.  Equals Three further claims that Jukin knowingly and materially misrepresented in its takedown notices to YouTube that Equals Three's use of Jukin's videos was infringing, in violation of section 512(f) of the Digital Millennium Copyright Act ("DMCA").

On March 23, 2015, Jukin filed its Motion for Partial Summary Judgment, asking this Court to find that Equals Three's use of Jukin's videos was not fair use. (Dkt. 34).  On October 13, 2015, the Court issued its Order Granting in Part and Denying in Part Jukin Media, Inc.'s Motion for Partial Summary Judgment and Judgment (the "MSJ Order").  (Dkt. 68).  The Court agreed with Jukin that Equals Three's episode "Sheep to Balls" was not a fair use of Jukin's video "First Person to Buy iPhone 6 in Perth Drops it on Live TV When Pressured By Reporters" and entered judgment to that effect, but denied summary judgment with respect to the remaining videos and Equals Three episodes at issue.  (*Id.*).  Because the denial of partial summary judgment is not relevant and would likely prejudice, confuse and/or mislead the jury, Jukin asks the Court to exclude evidence of the MSJ Order in its entirety, as well as any reference to the fact that the Court has previously considered the issue of fair use.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

## II. __ARGUMENT__

### A. __Legal Standard__

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)). The purpose of a motion *in limine* is to allow the Court to rule on evidentiary issues in advance of trial to avoid delay and streamline the issues the jury will consider. *See, e.g.*, *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). In ruling on a motion *in limine*, as with any evidentiary ruling, the trial court exercises broad discretion. *See, e.g.*, *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995).

### B. __The MSJ Order Is Not Relevant.__

Pursuant to Federal Rule of Evidence 402, only relevant evidence is admissible at trial. Relevant evidence is evidence that "…has any tendency to make a fact more or less probable than it would be without the evidence; and … the fact is of consequence in determining the action." Fed. R. Evid. 401.

The fact that this Court considered the fair use factors and declined to find, *as a matter of law*, that certain Equals Three episodes did not constitute fair use does not foreclose the possibility that the trier of fact, when considering all the evidence and weighing the credibility of witnesses, may decide that Equals Three has failed to prove its fair use defense. As the Court recognized in its Order, the denial of partial summary judgment only signifies that "Jukin . . . has failed to carry its burden of showing that it is entitled to judgment as a matter of law regarding whether these episodes are fair use." (MSJ Order at p. 17); (Dkt. 77 [Civil Minutes re: Jukin's Ex Parte Application to Compel Substantive Discovery Responses and Documents from Equals Three] ("The fact that Jukin did not prevail as a summary judgment movant seeking a finding of no fair use for 17 of the accused videos does not lead to the conclusion that fair use exists as a matter of

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1     law for these videos, and the District Court did not enter partial summary judgment

2     in favor of Equals Three."). *See, e.g., Dessar v. Bank of Am. Nat. Trust. and Sav.*

3     *Ass'n,* 353 F.2d 468 (9th Cir.1965) (Denial of a motion for summary judgment

4     "merely postpones decision of any question; it decides none. To give it any other

5     effect would be entirely contrary to the purpose of the summary judgment

6     procedure."); *Andrews Farms v. Calcot Ltd.*, 693 F. Supp. 2d 1154, 1163-64 (E.D.

7     Cal. 2010) ("The denial of a motion for summary judgment . . . is strictly a pretrial

8     order that decides only one thing—that the case should go to trial.").

9          Referencing the MSJ Order at trial will not make fair use any more or less

10    probable, nor will it be of any consequence in determining this action. *See Oyarzo*

11    *v. Tuolumne Fire Dist.*, No. 1:11-CV-01271-SAB, 2013 WL 5718882, at *9 (E.D.

12    Cal. Oct. 18, 2013) ("The fact that Defendants['] motion for summary judgment

13    has been granted in respect to certain claim[s] or defendants is irrelevant and the

14    admission of such evidence is highly prejudicial."); *SCO Grp., Inc. v. Novell, Inc.*,

15    No. 2:04-CV-139 TS, 2010 WL 691707, at *1 (D. Utah Feb. 22, 2010) (excluding

16    reference to reversed rulings on summary judgment because they "have little, if

17    any, relevance to the issues before the jury . . . [and] any relevance is substantially

18    outweighed by the danger of unfair prejudice and confusion of the issues").

19         Additionally, the MSJ Order is not relevant to Equals Three's DMCA claim.

20    The MSJ Order cannot show that Jukin knowingly and materially misrepresented

21    that Equals Three was infringing (*i.e.*, that Equals Three's use was not fair use),

22    because it did not establish that any of Equals Three's uses of Jukin's videos were

23    fair. As such, the alleged knowing, material misrepresentation of infringement

24    does not become any more or less probable just because Jukin sent takedown

25    notices to YouTube after the denial of summary judgment.

26    ///

27    ///

28    ///

### C.   The MSJ Order Is Prejudicial, Would Confuse the Issues, and Potentially Mislead the Jury.

Even if the MSJ Order were arguably relevant to the jury's determination (which it is not), the MSJ Order should still be excluded because it is likely to prejudice the jury or confuse them.  If Equals Three is allowed to tell the jury that the Court has already considered whether or not Equals Three's use of Jukin's videos constitutes fair use, the jury could feel compelled to follow what it (erroneously) believes the Court has already decided.  At trial, Equals Three has the burden of persuading the jury that its use of Jukin's videos satisfies the fair use factors.  If the jury believes the Court has somehow already concluded that Equals Three satisfied its burden (which it has not), then Jukin would be unfairly prejudiced.   The Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, . . . [or] wasting time . . . ."  Fed. R. Evid. 403.  It is an abuse of discretion to admit evidence "of very slight (if any) probative value . . . if there's even a modest likelihood of unfair prejudice or a small risk of misleading the jury." *U.S. v. Lawrence*, 189 F.3d 838, 843 (9th Cir. 1999) (quoting *U.S. v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992)).  Here, the risk of prejudice and confusion is significant.

The MSJ Order is unfairly prejudicial because it could indicate to jurors, who are likely not familiar with the purpose and procedural effect of a summary judgment motion, that the Court decided the issue of fair use with respect to all of the Equals Three's episodes in this action.  This implication may cause the jury to assume that Equals Three's use of Jukin's videos was fair use without carefully considering and applying the evidence in this case to the fair use factors.  In other words, the jury may equate the Court's denial of summary judgment with a conclusion of fair use, when the two are not the same.

Further, if the jury hears that the Court already considered fair use and found that one of Equals Three episodes was not fair use, the jury may be confused or

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1   misled to believe that the converse is true – that the remaining episodes are fair

2   use, when in fact, that issue has not yet been determined.  Introducing the MSJ

3   Order could prevent the jury from performing its crucial role, *i.e.*, weighing the

4   evidence to determine whether Equals Three engaged in copyright infringement or

5   fair use of Jukin's videos.

6   **III.**   **CONCLUSION**

7       For the foregoing reasons, Jukin respectfully requests that this Court grant

8   its Motion *in Limine* and enter an order precluding Equals Three from referencing

9   or introducing evidence of the MSJ Order, or the fact that the Court has previously

10  considered any of the fair use factors related to the subject Jukin videos.

11

12    Dated:  February 3, 2016           VENABLE LLP

13                                      By:   /s/ Melissa C. McLaughlin

14                                          Douglas C. Emhoff

15                                          Jessica Grant

16                                          Tamany Vinson Bentz

17                                          Melissa C. McLaughlin
                                        Attorneys for Defendant and
                                        Counterclaimant Jukin Media, Inc.

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900