1  VENABLE LLP
   Douglas C. Emhoff (SBN 151049)
2  demhoff@venable.com
   Tamany Vinson Bentz (SBN 258600)
3  tjbentz@venable.com
   Melissa C. McLaughlin (SBN 273619)
4  mcmclaughlin@venable.com
   2049 Century Park East, Suite 2100
5  Los Angeles, CA  90067
   Telephone:   (310) 229-9900
6  Facsimile:    (310) 229-9901

7  VENABLE LLP
   Jessica Grant (SBN 178138)
8  jgrant@venable.com
   505 Montgomery Street, Suite 1400
9  San Francisco, CA 94111
   Telephone: (415) 653-3750
10 Facsimile:(415) 653-3755

11 Attorneys for Defendant and
   Counterclaimant Jukin Media, Inc.

12            **UNITED STATES DISTRICT COURT**

13      **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14

15 EQUALS THREE, LLC, a California        CASE NO. 2:14-cv-09041-SVW
   limited liability company,             (AFMx)
16
                   Plaintiff,             Hon. Stephen V. Wilson
17                                         Courtroom 6
            v.
18                                         [Discovery Matter: Referred to
   JUKIN MEDIA, INC., a California        Magistrate Judge Alexander F.
19 corporation, and DOES 1 through 50,    MacKinnon]
   inclusive,
20                                         **AMENDED STIPULATED**
                   Defendants.            **PROTECTIVE ORDER**
21 ─────────────────────────────
                                          Action Filed: Nov. 21, 2014
22 JUKIN MEDIA, INC., a California        Trial Date:    March 1, 2016
   corporation,
23
                   Counterclaimant,
24
            v.
25
   EQUALS THREE, LLC, a California
26 limited liability company; and RAY
   WILLIAM JOHNSON, an individual,
27
                   Counterclaim
28                 Defendants.

───────────────────────────────────────────────────
               AMENDED STIPULATED PROTECTIVE ORDER

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.    <u>GOOD CAUSE STATEMENT</u>

In accordance with Fed. R. Civ. Proc. Rule 26(c), good cause exists for entry of this Order.  The Parties intend to seek from one another, third parties, and their respective agents and affiliates confidential business and financial information in connection with their respective claims and defenses in this matter, which the Parties maintain cannot be made accessible to the public without harming their businesses.  The Parties also anticipate that they may seek confidential and sensitive information from third parties.  The Order will facilitate the efficient exchange of sensitive information, documents and things without improperly undermining public access to non-confidential information.

C.    <u>ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL</u>

The parties further acknowledge, as set forth in Section 12.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1   and the standards that will be applied when a party seeks permission from the court

2   to file material under seal.

3       There is a strong presumption that the public has a right of access to judicial

4   proceedings and records in civil cases. In connection with non-dispositive motions,

5   good cause must be shown to support a filing under seal. *See Kamakana v. City*

6   *and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen.*

7   *Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony*

8   *Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective

9   orders require good cause showing), and a specific showing of good cause or

10  compelling reasons with proper evidentiary support and legal justification, must be

11  made with respect to Protected Material that a party seeks to file under seal. The

12  parties' mere designation of Disclosure or Discovery Material as

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

14  ONLY" does not—without the submission of competent evidence by declaration,

15  establishing that the material sought to be filed under seal qualifies as confidential,

16  privileged, or otherwise protectable—constitute good cause.

17      Further, if a party requests sealing related to a dispositive motion or trial,

18  then compelling reasons, not only good cause, for the sealing must be shown, and

19  the relief sought shall be narrowly tailored to serve the specific interest to be

20  protected. *See Pintos v. Pacific Creditors Ass'n*., 605 F.3d 665, 677-79 (9th Cir.

21  2010). For each item or type of information, document, or thing sought to be filed

22  or introduced under seal in connection with a dispositive motion or trial, the party

23  seeking protection must articulate compelling reasons, supported by specific facts

24  and legal justification, for the requested sealing order. Again, competent evidence

25  supporting the application to file documents under seal must be provided by

26  declaration.

27      Any document that is not confidential, privileged, or otherwise protectable

28  in its entirety will not be filed under seal if the confidential portions can be

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.   DEFINITIONS

2.1   Action:  this pending federal lawsuit.

2.2   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  sensitive business information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and are kept confidential in the ordinary course of business, such as (a) nonpublic, private information, (b) financial data, (c) business and marketing plans, and (d) trade secrets, whose public disclosure could result in harm to the Producing Party.

2.4   Counsel:  Outside Counsel of Record (as well as their support staff).

2.5   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive and confidential information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, such as highly confidential competitive business plans.

2.9    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

AMENDED STIPULATED PROTECTIVE ORDER

3.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Further, the protections conferred by this Order apply only to Disclosure or Discovery Material and to court filings that might reveal Protected Material, and do not apply to evidence presented at any court hearings or proceedings.  Any use of Protected Material at any court hearings or proceedings shall be governed by a separate order from the judicial officer conducting the hearing or proceeding, at the appropriate time.  This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Once a case proceeds to trial, information that was designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5.  DESIGNATING PROTECTED MATERIAL

    5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Only Disclosure or Discovery Material containing sensitive business information that is kept confidential in the ordinary course of business, such as (a) financial data, (b) business and marketing plans, and (c) trade secrets, whose public disclosure could result in harm to the Producing Party, may properly be designated as "CONFIDENTIAL" under this Order.

    Only Disclosure or Discovery Material containing extremely sensitive and confidential information and whose disclosure to other parties to this Action would create a substantial risk of serious harm that could not be avoided by less restrictive means, such as highly confidential competitive business plans, or certain trade secrets that warrant this heightened protection, may properly be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties, in writing, that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

AMENDED STIPULATED PROTECTIVE ORDER

("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition</u>, that the Designating Party identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted.  When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without Court intervention, any Party may file and serve a motion to retain or challenge confidentiality.   Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Any such motion must be made in strict compliance with Local Rules 37-1 and 37-2 (including the joint stipulation requirement).  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  Any such motion must be made in strict compliance with Local Rules 37-1 and 37-2 (including the joint stipulation requirement).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has

waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1   Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

      (b) up to two officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1    (c) Experts (as defined in this Order) of the Receiving Party to whom

2    disclosure is reasonably necessary for this Action and who have signed the

3    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4         (d) the Court and its personnel;

5         (e) court reporters and their staff, professional jury or trial consultants,

6    and Professional Vendors to whom disclosure is reasonably necessary for this

7    Action and who have signed the "Acknowledgment and Agreement to Be Bound"

8    (Exhibit A);

9          (f) during their depositions, witnesses for the Producing Party in the

10   Action to whom disclosure is reasonably necessary and who have signed the

11   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

12   agreed by the Designating Party or ordered by the Court.  Pages of transcribed

13   deposition testimony or exhibits to depositions that reveal Protected Material must

14   be separately bound by the court reporter and may not be disclosed to anyone

15   except as permitted under this Stipulated Protective Order; and

16        (g) the author or recipient of a document containing the information or a

17   custodian or other person who otherwise possessed or knew the information.

18   7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

19   ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted

20   in writing by the Designating Party, a Receiving Party may disclose any

21   information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

22   EYES ONLY" only to:

23        (a) the Receiving Party's Outside Counsel of Record in this Action, as

24   well as employees of said Outside Counsel of Record to whom it is reasonably

25   necessary to disclose the information for this action and who have signed the

26   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

27   A;

28

AMENDED STIPULATED PROTECTIVE ORDER

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in section 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) during their depositions, witnesses for Producing Party in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the

AMENDED STIPULATED PROTECTIVE ORDER

full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding  two years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to block the disclosure to the Expert may file a motion seeking to prevent the disclosure.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert should not take place, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In

---

[1]      If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions).  Additionally, any such motion must be made in strict compliance with Local Rules 37-1 and 37-2 (including the joint stipulation requirement).

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful subpoena issued in another action.

9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party

16

AMENDED STIPULATED PROTECTIVE ORDER

shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Order.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

12.2    <u>Right to Assert Other Objections</u>.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

12.4    <u>Filing Protected Material</u>.  In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publically file a redacted version of the motion and supporting papers.  Protected Material may only be filed under seal pursuant to a Court Order authorizing the sealing of the specific Protected Material at issue.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this Action, as defined in section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1   Material is returned or destroyed, the Receiving Party must submit a written
2   certification to the Producing Party (and, if not the same person or entity, to the
3   Designating Party) by the 60 day deadline that (1) identifies (by category, where
4   appropriate) all the Protected Material that was returned or destroyed and (2)
5   affirms that the Receiving Party has not retained any copies, abstracts,
6   compilations, summaries or any other format reproducing or capturing any of the
7   Protected Material.  Notwithstanding this provision, Counsel are entitled to retain
8   an archival copy of all pleadings, motion papers, trial, deposition, and hearing
9   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
10  reports, attorney work product, and consultant and expert work product, even if
11  such materials contain Protected Material.  Any such archival copies that contain
12  or constitute Protected Material remain subject to this Order as set forth in section
13  4 (DURATION).
14
15  14.   <u>VIOLATION</u>
16        Any violation of this Order may be punished by appropriate measures
17  including, without limitation, contempt proceedings and/or monetary sanctions.
18
19  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
20
21  DATED: February 5, 2016
22
23   /s/ Thomas H. Vidal
    Attorneys for Plaintiff and Counterclaim Defendants
24
25  DATED: February 2, 2016
26
27   /s/ Melissa C. McLaughlin
    Attorneys for Defendant and Counterclaimant
28

1    FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3    DATED: 2/8/2016

     _____

4                      Alexander F. MacKinnon
                       United States Magistrate Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

20
AMENDED STIPULATED PROTECTIVE ORDER

1

## **SIGNATURE CERTIFICATION**

2          Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that Thomas H. Vidal,

3  counsel for Plaintiff and Counterclaim Defendant Equals Three, LLC and

4  Counterclaim Defendant Ray William Johnson, concurs in the content of this filing

5  and has authorized the filing.

6

7

8  Dated:  February 8, 2016                    VENABLE LLP

9                                              By:   /s/ Melissa C. McLaughlin

10                                                  Douglas C. Emhoff
                                                    Jessica Grant
11                                                  Tamany Vinson Bentz
                                                    Melissa C. McLaughlin
12                                                  Attorneys for Defendant and
                                                    Counterclaimant Jukin Media, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

21

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Protective Order ("Order") that was issued by the United States District Court for

the Central District of California on _____ [date] in the case of *Equals Three,*

*LLC* v. *Jukin Media, Inc., et al.*, Case No. 2:14-cv-09041-SVW (AFMx). I agree

to comply with and to be bound by all the terms of this Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Order, even if such enforcement proceedings occur after termination of this

Action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this Action or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

22

EXHIBIT A