**ABRAMS GARFINKEL MARGOLIS BERGSON, LLP**
THOMAS H. VIDAL (204432) tvidal@agmblaw.com
KELSEY SCHULZ (301778) kschulz@agmblaw.com
5900 Wilshire Blvd., Suite 2250
Los Angeles, California 90036
Telephone: (310) 300-2900
Facsimile: (310) 300-2901

Attorneys for Plaintiff and Counter-Defendants
Equals Three, LLC and Ray William Johnson

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUALS THREE, LLC, a California Limited Liability Company,<br><br>    Plaintiff,<br>v.<br><br>JUKIN MEDIA, INC., a California Corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO. 2:14-cv-09041-SVW-(AFMx)<br><br>Hon. Stephen V. Wilson<br>Courtroom 6<br><br>**EQUALS THREE'S AND RAY WILLIAM JOHNSON'S OPPOSITION TO JUKIN'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE COURT'S DENIAL IN PART OF JUKIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Final Pretrial Conference<br>Date: February 22, 2016<br>Time: 1:30 P.M.<br>Ctrm: 6 |
| JUKIN MEDIA, INC., a California Corporation,<br><br>    Counterclaimant,<br>v.<br><br>EQUALS THREE, LLC, a California limited liability company; and RAY WILLIAM JOHNSON, an individual,<br><br>    Counter-Defendants. | Action Filed: November 21, 2015<br>Trial Date: March 1, 2016 |

**Equals Three, LLC and Johnson's**
**Opposition to Jukin's Motion in Limine**
Case No. 2:14-cv-09041-SVW-**(AFMx)** | 1

## I. INTRODUCTION

The Court's order denying (in part) Jukin's Motion for Partial Summary Judgment is highly relevant for at least three reasons. First, evidence of the Court's analysis and interpretation of the fair use factors as applied in this case are relevant to establishing Jukin's knowing misrepresentation under Section 512(f). Second, the denial of Jukin's summary judgment motion is also relevant to establish Jukin's pattern of committing unfair and unlawful acts against Equals Three, which is one of the elements of Equals Three's unfair competition claim. Third, the evidence is relevant to establishing Equals Three's defense of willful infringement of Jukin's counterclaim for copyright infringement.

## II. ARGUMENT

Under Equals Three's second claim for relief for Jukin's violation of 17 U.S.C. section 512(f)(1), Equals Three must prove that Jukin's misrepresentations of copyright infringement were knowingly made. A party has "knowingly" made a misrepresentation if the party "actually knew, should have known if it acted with reasonable care or diligence, or would have had no substantial doubt had it been acting in good faith, that it was making misrepresentations." *Online Policy Group v. Diebold*, 337 F.Supp. 1195, 1204 (N.D. Cal. 2004). The Court's denial (in part) of Jukin's motion for partial summary judgement is probative of the fact that Jukin's copyright takedowns were knowing under that standard. In the Court's order

**Equals Three, LLC and Johnson's**
**Opposition to Jukin's Motion in Limine**
Case No. 2:14-cv-09041-SVW-**(AFMx) | 2**

Abrams Garfinkel Margolis Bergson, LLP
5900 Wilshire Boulevard, Suite 2250
Los Angeles, California 90036
Telephone: (310) 300-2900
Facsimile: (310) 300-2901

denying Jukins motion for partial summary judgment, it determined and expressly found that 17 of the so-called "accused episodes" were (1) highly transformative and (2) used only what was reasonably necessary to achieve their transformative purpose. From those two findings, the Court concluded the Equals Three's use was fair as to those 17 episodes. The Court's Order is would help to establish that Jukin was not acting in good faith when it made representations of Copyright infringement against the accused episodes.

Under Equals Three's third claim for relief, Equals Three must establish that Jukin's unfair, unlawful, or fraudulent acts and practices—namely, improperly and in bad faith issuing copyright takedown notices against Equals Three—is a continuing threat to Equals Three. Evidence of the Court's denial (in part) of Jukin's motion for partial summary judgement is probative on this issue. It shows that Jukin is willing to continue unabated in issuing copyright takedown notices of Equals Three episodes despite clear findings expressed by a Court.

Finally, Jukin intends to put on evidence that Equals Three's usage of the Jukin-claimed source videos constitutes willful infringement. *See, e.g.,* Jukin's Memm. of Contentions of Facts and Law, Section V.C. at 13-14. In order to establish willful infringement, Jukin must show that Equals Three knew that its usage of the Jukin-claimed source videos infringed copyright. The Court's denial (in part) of Jukin's motion for partial summary judgment is probative of the fact that Equals Three had a good-faith belief that its usage of the Jukin-claimed source

Abrams Garfinkel Margolis Bergson, LLP
5900 Wilshire Boulevard, Suite 2250
Los Angeles, California 90036
Telephone: (310) 300-2900
Facsimile: (310) 300-2901

**Equals Three, LLC and Johnson's**
**Opposition to Jukin's Motion in Limine**
Case No. 2:14-cv-09041-SVW-**(AFMx)** | 3

videos was an exercise of fair use.

## III. CONCLUSION

For the foregoing reasons, Equals Three respectfully requests that this Court deny Jukin's Motion *in limine* to exclude evidence of the Court's denial (in part) of Jukin's Motion for Partial Summary Judgment.

DATED: February 8, 2016	ABRAMS GARFINKEL MARGOLIS BERGSON, LLP

By: /s/ Thomas H. Vidal
Thomas H. Vidal
Kelsey Schulz
Attorneys for Plaintiff/Counter-Defendant Equals Three, LLC & Counter-Defendant Ray William Johnson

**Equals Three, LLC and Johnson's**
**Opposition to Jukin's Motion in Limine**
Case No. 2:14-cv-09041-SVW-**(AFMx)** | **4**

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss. 
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is AGMB, LLP, 5900 Wilshire Blvd., Ste. 2250, Los Angeles, California 90036.

On **February 8, 2016**, I served a copy ☑ / original ☐ of the foregoing document(s) described as on the interested parties in this action addressed as follows: **EQUALS THREE'S AND RAY WILLIAM JOHNSON'S OPPOSITION TO JUKIN'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE COURT'S DENIAL IN PART OF JUKIN'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

| | |
|---|---|
| Douglas C. Emhoff<br>demhoff@venable.com<br>Tamany Vinson Bentz tjbentz@venable.com<br>Melissa C. McLaughlin<br>MCMcLaughlin@Venable.com<br>Venable LLP<br>2049 Century Park East, Suite 2100<br>Los Angeles, CA 90067 | Attorneys for Defendant an Counter-Claimant |

☑ By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑ BY ELECTRONIC MEANS (FRCP 5(b)(2)I): Pursuant to FRCP 5(b)(2)I, I served the above stated document by electronic means to the interested parties in this action whose names and e-mail addresses are listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. Service by e-mail or electronic means was agreed upon based on an agreement of the parties to accept service.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **February 8, 2016**, at Los Angeles, California.

/s/ _____
Thomas H. Vidal

Abrams Garfinkel Margolis Bergson, LLP
5900 Wilshire Boulevard, Suite 2250
Los Angeles, California 90036
Telephone: (310) 300-2900
Facsimile: (310) 300-2901

**Equals Three, LLC and Johnson's**
**Opposition to Jukin's Motion in Limine**
Case No. 2:14-cv-09041-SVW-**(AFMx) | 5**