VENABLE LLP
Douglas C. Emhoff (SBN 151049)
demhoff@venable.com
Jessica L. Grant (SBN 178138)
jgrant@venable.com
Tamany Vinson Bentz (SBN 258600)
tjbentz@venable.com
Melissa C. McLaughlin (SBN 273619)
mcmclaughlin@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:    (310) 229-9901

Attorneys for Defendant and
Counterclaimant Jukin Media, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUALS THREE, LLC, a California limited liability company,<br><br>                    Plaintiff,<br><br>          v.<br><br>JUKIN MEDIA, INC., a California corporation, and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO. 2:14-cv-09041-SVW (AFMx)<br><br>Hon. Stephen V. Wilson<br>Courtroom 6<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Action Filed: Nov. 21, 2014<br>Trial Date:    March 1, 2016 |
| JUKIN MEDIA, INC., a California corporation,<br><br>                    Counterclaimant,<br><br>          v.<br><br>EQUALS THREE, LLC, a California limited liability company; and RAY WILLIAM JOHNSON, an individual,<br><br>                    Counterclaim Defendants. | |

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1      Pursuant to this Court's Civil Trial Preparation Order (Dkt. 70), the

2  parties hereby submit the following proposed substantive jury instructions.

3

4

5  Dated:  February 19, 2016          VENABLE LLP

6                                     By:  /s/ Melissa C. McLaughlin
7                                          Douglas C. Emhoff
                                           Tamany Vinson Bentz
8                                          Melissa C. McLaughlin
9                                          Attorneys for Defendant and
                                           Counterclaimant Jukin Media, Inc.
10

11

12

13  Dated:  February 19, 2016          ABRAMS GARFINKEL MARGOLIS
                                       BERGSON, LLP
14

15                                     By:  /s/ Thomas H. Vidal
                                           Thomas H. Vidal
16                                         Kelsey Schulz
17                                         Attorneys for Plaintiff Equals Three,
                                           LLC
18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

# INDEX OF PROPOSED JURY INSTRUCTIONS

| Title | Given as | | Refused | Withdrawn |
|---|---|---|---|---|
| | Proposed | Modified | | |
| PRELIMINARY INSTRUCTION – COPYRIGHT (9TH CIRCUIT 17.0 MODIFIED) | | | | |
| COPYRIGHT—DEFINED (17 U.S.C. § 106) (9TH CIRCUIT 17.1 MODIFIED) | | | | |
| COPYRIGHT—SUBJECT MATTER—GENERALLY (17 U.S.C. § 102) (9TH CIRCUIT 17.2) | | | | |
| COPYRIGHT INFRINGEMENT— ELEMENTS—OWNERSHIP AND COPYING (17 U.S.C. § 501(a)–(b)) (9TH CIRCUIT 17.4 MODIFIED) | | | | |
| COPYRIGHT INFRINGEMENT— OWNERSHIP OF VALID COPYRIGHT—DEFINITION (17 U.S.C. §§ 201–205) (9TH CIRCUIT 17.5 SUPPLEMENTAL | | | | |

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

| Title | Given as | | Refused | Withdrawn |
|---|---|---|---|---|
| | Proposed | Modified | | |
| INSTRUCTIONS: COPYRIGHT CERTIFICATE MODIFIED) | | | | |
| COPYRIGHT INTERESTS— AUTHORSHIP (17 U.S.C. § 201(a)) (9TH CIRCUIT 17.6 MODIFIED) | | | | |
| COPYRIGHT INTERESTS— EXCLUSIVE LICENSEE (17 U.S.C. § 201(d)(2)) (9TH CIRCUIT 17.11) | | | | |
| COPYRIGHT INFRINGEMENT – ORIGIALITY (9TH CIRCUIT 17.12 MODIFIED) | | | | |
| COPYRIGHT— AFFIRMATIVE DEFENSE— FAIR USE (17 U.S.C. § 107) (9TH CIRCUIT 17.18 MODIFIED) | | | | |
| FAIR USE – FACTORS – PURPOSE AND CHARACTER | | | | |
| FAIR USE – FACTORS – PARODY-DEFINED | | | | |
| FAIR USE – FACTORS – | | | | |

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

| Title | Given as | | Refused | Withdrawn |
|---|---|---|---|---|
| | Proposed | Modified | | |
| THE NATURE OF THE COPYRIGHTED WORK | | | | |
| FAIR USE – FACTORS - AMOUNT AND SUBSTANTIALITY | | | | |
| FAIR USE – FACTORS - MARKET HARM | | | | |
| DERIVATIVE LIABILITY— VICARIOUS INFRINGEMENT— ELEMENTS AND BURDEN OF PROOF (9TH CIRCUIT 17.20) | | | | |
| DERIVATIVE LIABILITY— CONTRIBUTORY INFRINGEMENT (9TH CIRCUIT 17.21) | | | | |
| COPYRIGHT—DAMAGES (17 U.S.C. § 504) (9TH CIRCUIT 17.22) | | | | |
| COPYRIGHT—DAMAGES— ACTUAL DAMAGES (17 U.S.C. § 504(b)) (9TH CIRCUIT 17.23) | | | | |
| COPYRIGHT—DAMAGES— EQUALS THREE'S PROFITS | | | | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

| Title | Given as | | Refused | Withdrawn |
|---|---|---|---|---|
| | Proposed | Modified | | |
| (17 U.S.C. § 504(b)) (9TH CIRCUIT 17.24) | | | | |
| COPYRIGHT DAMAGES— STATUTORY DAMAGES (17 U.S.C. § 504(c)) (9TH CIRCUIT 17.25) | | | | |
| COPYRIGHT—DAMAGES— WILLFUL INFRINGEMENT (17 U.S.C. § 504(c)(2)) (9TH CIRCUIT 17.27) | | | | |
| VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. § 512(f)(1) – ELEMENTS | | | | |
| VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. § 512(f)(1) – MISREPRESENTATION | | | | |
| VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. § 512(f)(1) – DAMAGES | | | | |

1   Dated: _____   _____

2                                   Hon. Stephen V. Wilson
                                    United States District Court Judge

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1   <u>THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 1: 9TH CIRCUIT</u>

2   <u>MODEL CIVIL JURY INSTRUCTION 17.0 PRELIMINARY INSTRUCTION –</u>

3   <u>COPYRIGHT (MODIFIED)</u>

4      The counterclaimant, Jukin Media, Inc. (referred to as "Jukin"), claims

5   ownership of copyrights on 18 videos and seeks damages against the counterclaim

6   defendants, Equals Three, LLC (referred to as "Equals Three") and Ray William

7   Johnson (referred to as "Johnson"), for copyright infringement. Equals Three and

8   Johnson contend that certain of the videos do not merit copyright protection, and

9   that they made a fair use of the 18 copyrighted videos and have not infringed

10   Jukin's copyrights. You will be asked to consider the parties' claims for each of the

11   18 videos unless I instruct otherwise.  To help you understand the evidence in this

12   case, I will explain some of the legal terms you will hear during this trial.

13

14           **DEFINITION OF COPYRIGHT**

15

16      The owner of a copyright has the right to exclude any other person from

17   reproducing, preparing derivative works, distributing, performing, displaying, or

18   using the work covered by copyright for a specific period of time, unless the use is

19   fair use.

20

21      Copyrighted work can be a literary work, musical work, dramatic work,

22   pantomime, choreographic work, pictorial work, graphic work, sculptural work,

23   motion picture, audiovisual work, sound recording, architectural work, mask works

24   fixed in semiconductor chip products, or a computer program.

25

26      Facts, ideas, procedures, processes, systems, methods of operation, concepts,

27   principles or discoveries cannot themselves be copyrighted.

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

## COPYRIGHT INTERESTS

One who owns a copyright may agree to let another reproduce, prepare a derivative work, distribute, perform, or display the copyrighted work. To be valid, the transfer must be in writing. The person to whom this right is transferred is called an exclusive licensee. The exclusive licensee has the right to exclude others from copying the work.

## HOW COPYRIGHT IS OBTAINED

Copyright automatically exists in a work the moment it is fixed in any tangible medium of expression. The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work. After examination and a determination that the material deposited constitutes copyrightable subject matter and that legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

## JUKIN'S BURDEN OF PROOF

In this case, the counterclaimant, Jukin, contends that the counterclaim defendants, Equals Three and Johnson, have infringed Jukin's copyrights. Jukin has the burden of proving by a preponderance of the evidence that Jukin is the owner of the copyrights and that Equals Three and Johnson copied original

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

2

elements of the copyrighted works. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

## PROOF OF COPYING

To prove that Equals Three and Johnson copied Jukin's works, Jukin may show that Equals Three and Johnson had access to Jukin's copyrighted works and that there are substantial similarities between Equals Three's and Johnson's works and Jukin's copyrighted works.

## LIABILITY FOR INFRINGEMENT

One who reproduces, prepares derivative works from, or displays a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

Copyright may also be infringed by vicariously infringing and contributorily infringing.

## VICARIOUS INFRINGEMENT

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.

## CONTRIBUTORY INFRINGEMENT

3

1      A person is liable for copyright infringement by another if the person knows

2  or should have known of the infringing activity and induces, causes, or materially

3  contributes to the activity.

4

5                    **DEFENSES TO INFRINGEMENT**

6

7      Equals Three and Johnson contend that there is no copyright infringement.

8  There is no copyright infringement where the copyright is invalid, the work does

9  not merit copyright protection, or Equals Three and Johnson made fair use of a

10 copyrighted work by reproducing copies for criticism, comment, news reporting,

11 teaching, scholarship, or research.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.0 (2007)

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

5

THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 2: 9TH CIRCUIT MODEL CIVIL JURY INSTRUCTION 17.1 COPYRIGHT—DEFINED (17 U.S.C. § 106) (MODIFIED)

Copyright is the exclusive right to copy. This right to copy includes the exclusive rights to:

(1) authorize, or make additional copies, or otherwise reproduce the copyrighted work in copies;

(2) recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work;

(3) perform publicly a copyrighted video; and

(4) display publicly a copyrighted video.

It is the owner of a copyright who may exercise these exclusive rights to copy. The term "owner" includes an exclusive licensee. In general, copyright law protects against production, adaptation, performance, and display of substantially similar copies of the owner's copyrighted work without the owner's permission. An owner may enforce these rights to exclude others in an action for copyright infringement.

6

1    AUTHORITY:

2    9th Cir. Civ. Jury Instr. 17.1 (2007)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

7

THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 3: 9TH CIRCUIT MODEL CIVIL JURY INSTRUCTION 17.2 COPYRIGHT—SUBJECT MATTER—GENERALLY (17 U.S.C. § 102)

The works Jukin is asserting were infringed by Equals Three are

- "Black Bear Milk Bottle Rescue,"
- "Groom Drops Bride,"
- "Went Beautifully,"
- "Skim Board Fail,"
- "Disney World Surprise Gone Wrong,"
- "Insane Dodge Ball Kill!,"
- "Burning My Hair Off,"
- "Dog Thinks Terrace Door is Closed,"
- "500 Smith & Wesson Tree Fail,"
- "Dog Spoon Fed,"
- "Road Worker Trick Fail,"
- "First Person to Buy iPhone 6 in Perth Drops it on Live TV When Pressured By Reporters,"
- "Edelweiss Bear Take Out 2,"
- "Trampoline Hump Dog,"
- "Dachshund vs. Crab,"
- "MOMMYS BIG SECRET :) THIS IS A MUST SEE!!!!!,"
- "Skydiving Plane Crash Incident," and
- "Funny…Wasp Stings Man While Wife Laughs!"

These works are known as videos, in which a series of related images which, when shown in succession, convey an impression of motion.

You are instructed that a copyright may be obtained in a video.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

8

1       Videos can be protected by the copyright law. Only that part of the video

2  comprised of original works of authorship fixed or produced in any tangible

3  medium or form of expression from which it can be perceived, reproduced, or

4  otherwise communicated, either directly or with the aid of a machine or device is

5  protected by the Copyright Act.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

9

1  AUTHORITY:

2  9th Cir. Civ. Jury Instr. 17.2 (2007)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

10

<u>THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 4: 9TH CIRCUIT</u>
<u>MODEL CIVIL JURY INSTRUCTION 17.4 COPYRIGHT INFRINGEMENT—</u>
<u>ELEMENTS—OWNERSHIP AND COPYING (17 U.S.C. § 501(a)–(b))</u>
<u>(MODIFIED)</u>

Anyone who copies original elements of a copyrighted work during the term of the copyright without the licensee's permission infringes the copyright, unless that person's use was a fair use.  Instruction 9 Fair Use will tell you what constitutes a fair use.

On Jukin's copyright infringement claim, Jukin has the burden of proving both of the following by a preponderance of the evidence for each of the 18 videos at issue in this case:

1. Jukin is the owner of a valid copyright; and

2. Equals Three and Johnson copied original elements from the copyrighted work.

Equals Three and Johnson do not dispute that Equals Three used the videos that Jukin claims it owns.

If you find that Jukin has proved that it is the owner of a valid copyright for any of the 18 videos, then you should consider whether Equal Three's use of any of those Jukin videos was fair use under the law. If, on the other hand, Jukin has failed to prove that it owns a valid copyright in any of the videos, your verdict should be for Equals Three and Johnson only as to those videos where Jukin has failed to prove ownership of a valid copyright.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.4 (2007)

JOINT PROPOSED JURY INSTRUCTIONS

THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 5: 9TH CIRCUIT MODEL CIVIL JURY INSTRUCTION 17.5 COPYRIGHT INFRINGEMENT— OWNERSHIP OF VALID COPYRIGHT—DEFINITION (17 U.S.C. §§ 201– 205), SUPPLEMENTAL INSTRUCTIONS: COPYRIGHT CERTIFICATE (MODIFIED)

A person who holds a copyright may obtain a certificate of registration from the Copyright Office of the Library of Congress. This certificate is sufficient to establish the facts stated in the certificate, unless outweighed by other evidence in this case.

The evidence in this case includes Exhibits ____, certificates of copyright registration from the Copyright Office. You may consider these certificates as evidence of the facts stated in the certificates.  From these certificates you may, but need not, conclude that: Jukin's videos are original and copyrightable, which I explain in Instruction 12.

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.5, Supplemental Instructions (2007)

1  THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 6: 9TH CIRCUIT

2  MODEL CIVIL JURY INSTRUCTION 17.6 COPYRIGHT INTERESTS—

3  AUTHORSHIP (17 U.S.C. § 201(a)) (MODIFIED)

4

5      The creator of an original work is called the author of that work. An author

6  originates or "masterminds" the original work, controlling the whole work's

7  creation and causing it to come into being.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

1   AUTHORITY:

2   9th Cir. Civ. Jury Instr. 17.6 (2007)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1  <u>THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 7: 9TH CIRCUIT</u>

2  <u>MODEL CIVIL JURY INSTRUCTION 17.11 COPYRIGHT INTERESTS—</u>

3  <u>EXCLUSIVE LICENSEE (17 U.S.C. § 201(d)(2))</u>

4

5     In this case, Jukin does not claim to be the creator or author of the

6  copyrighted works at issue. Instead, Jukin claims the copyrights by virtue of

7  exclusive licenses from the works' creators and that Jukin is now the exclusive

8  licensee of the copyright.

9

10    A work's creator may transfer exclusively to another person any of the rights

11  comprised in the copyright. To be valid, the transfer must be in writing. The person

12  to whom this right is transferred is called a licensee.

13

14    An exclusive licensee has the right to exclude others from copying the work

15  to the extent of the rights granted in the license. An exclusive licensee is entitled to

16  bring an action for damages for copyright infringement of the right licensed.

17

18

19

20

21

22

23

24

25

26

27

28

17

1  | AUTHORITY:

2  | 9th Cir. Civ. Jury Instr. 17.11 (2007)

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

18

1   THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 8: 9TH CIRCUIT

2   MODEL CIVIL JURY INSTRUCTION 17.12 COPYRIGHT INFRINGEMENT—

3   ORIGINALITY (MODIFIED)

4

5        The original parts of Jukin's videos are the parts created:

6

7        1.      independently by the video's author, that is, the author did not copy it

8   from another work; and

9

10       2.      by use of at least some minimal creativity.

11

12       In copyright law, the "original element" of a work need not be new or novel.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

1   AUTHORITY:

2   9th Cir. Civ. Jury Instr. 17.12 (2007)

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

1    <u>THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 9: 9TH CIRCUIT</u>

2    <u>MODEL CIVIL JURY INSTRUCTION 17.18 COPYRIGHT—AFFIRMATIVE</u>

3    <u>DEFENSE—FAIR USE (17 U.S.C. § 107) (MODIFIED)</u>

4

5        One who is not the owner of the copyright may use the copyrighted work in

6    a reasonable way under the circumstances without the consent of the copyright

7    owner if it would advance the public interest. Such use of a copyrighted work is

8    called a fair use. The owner of a copyright cannot prevent others from making a

9    fair use of the owner's copyrighted work.

10

11        Equals Three and Johnson contend that they made fair use of 17 of Jukin's

12    copyrighted works for the purpose of parody. Equals Three and Johnson have the

13    burden of proving this defense by a preponderance of the evidence.  You do not

14    need to consider whether Equals Three's show "Sheep to Balls" is a fair use of

15    Jukin's video "First Person to Buy iPhone 6 in Perth Drops it on Live TV When

16    Pressured By Reporters" under the law.

17

18        In determining whether the use made of the work was fair, you should

19    consider the following factors:

20

21        1. the purpose and character of the use, including whether such use is of a

22    commercial nature or is for nonprofit educational purposes;

23

24        2. the nature of the copyrighted work;

25

26        3. the amount and substantiality of the portion used in relation to the

27    copyrighted work as a whole; and

28

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

4. the effect of the use upon the potential market for or value of the copyrighted work.

If you find that Equals Three and Johnson proved by a preponderance of the evidence that they made a fair use of any of Jukin's works, your verdict as to infringement for each such use should be for Equals Three and Johnson.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

1  AUTHORITY:

2  9th Cir. Civ. Jury Instr. 17.18 (2007)

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

<u>PLAINTIFF'S SUGGESTED JURY INSTRUCTION NO. 10: FAIR USE –</u>
<u>FACTORS – PURPOSE AND CHARACTER</u>

In evaluating the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes, you should consider the following:

- whether the Equals Three work is transformative;
- whether the Equals Three work comments and criticizes the copyrighted work; and
- whether the use of the copyrighted work is commercial or noncommercial.

Where a where a work has a transformative nature its commercial qualities are less important.  The more transformative the new work, the less will be the significance of the other factors.

24

1   AUTHORITY:

2   *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1164 (9th Cir. 2007);

3   *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 803 (9th Cir. 2003);

4   *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 580-81, 114 S.Ct. 1164, 127

5   L.Ed.2d 500 (1994)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

25

1    PLAINTIFF'S POSITION

2         Ninth Circuit Civil Jury Instruction No. 17.18 sets forth a summaries of a

3    series of cases interpreting the fair use factors and specifically advises that the

4    Court may find it appropriate to supplement this instruction to suggest to the jury

5    how to weigh the factors.  *See,* 9th Cir. Civ. Jury Instr. 17.18 (2007).  The

6    instruction is drawn from the points and authorities cited in the Court's ruling

7    denying, in party, Defendant's motion for partial summary judgment.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

1   <u>DEFENDANT'S SUGGESTED INSTRUCTION</u>

2       No instruction, but if the Court is inclined to give an instruction then it

3   should give the proposal below.

4

5   FAIR USE – FACTORS – PURPOSE AND CHARACTER

6       The first factor to consider in your analysis of fair use is the purpose and

7   character of the use, including whether such use is of a commercial nature or is for

8   nonprofit educational purposes.

9

10       The key inquiry for this factor is whether and to what extent Equals Three's

11   and Johnson's use of Jukin's works is transformative.  A transformative use does

12   not merely supersede the objects of the original creation but rather adds something

13   new, with a further purpose or different character, altering the copyrighted work

14   with new expression, meaning, or message.  If Equals Three's and Johnson's use is

15   transformative, it changed Jukin's works or used them in a different context to

16   transform them into new creations.  If Equals Three and Johnson merely

17   repackaged or republished Jukin's works, their use is not transformative and this

18   factor should weigh against fair use.

19

20       A use that parodies a copyrighted work may be transformative, but not all

21   parodies are fair use, and just because an accused work is a parody does not mean

22   it is presumptively a fair use.

23

24       A parody is a work that broadly mimics the characteristic style of the

25   copyrighted work and holds it up to ridicule.  An accused work can only be a

26   parody if it uses elements of the copyrighted work to create a new work that

27   comments on the copyrighted work, and that has critical bearing on the substance

28   or style of the copyrighted work.  In contrast, a satire is a work in which prevalent

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

27

follies or vices are ridiculed or attacked through irony, derision, or wit. If the accused work satirizes society or another subject, rather than critiquing the copyrighted work, it is not a parody.

If Equals Three and Johnson used Jukin's works for the same intrinsic purpose for which Jukin intended them to be used, that weighs against a finding of fair use.

If the use of Jukin's works was for a commercial purpose, rather than for a nonprofit educational purpose, that weighs against a finding of fair use.

If you find that Equals Three's and Johnson's use of Jukin's works was in bad faith or they did not deal with Jukin fairly with respect to Jukin's works, that also weighs against a finding of fair use.

If Equals Three's and Johnson's use competes with Jukin's works, that weighs against a finding of fair use.  On the other hand, if an appreciable public benefit comes from Equals Three's and Johnson's use of Jukin's works, that could weigh in favor of fair use.

JOINT PROPOSED JURY INSTRUCTIONS

1

Authority:

2

*Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1164 (9th Cir. 2007); *Wall*

3

*Data Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 778 (9th Cir. 2006);

4

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579-81 & n.15 (1994); *Dr.*

5

*Seuss Enter., L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1401 (9th Cir.

6

1997); *Rogers v. Koons*, 960 F.2d 301, 304-05 (2d Cir. 1992); *Seltzer v. Green*

7

*Day, Inc.*, 725 F.3d 1170, 1176 (9th Cir. 2013); *Marcus v. Rowley*, 695 F.2d 1171,

8

1175 (9th Cir. 1983);  *Harper & Row, Publishers, Inc. v. Nation Enter.*, 471 U.S.

9

539, 562 (1985); *Monge v. Maya Magazines, Inc.*, 688 F.3d. 1164, 1176–77 (9th

10

Cir. 2012); *Los Angeles News Service v. KCAL-TV Channel 9*, 108 F.3d 1119,

11

1121 (9th Cir.1997); *Triad Sys. Corp. v. Southeastern Express Co.*, 64 F.3d 1330,

12

1337 (9th Cir.1995).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

29

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

**DEFENDANT'S POSITION**

Plaintiff's proposed instruction is unnecessary.  None of the form jury instructions on fair use provide for additional instructions on each of the factors. *See, e.g*, 9th Cir. Civ. Jury Instr. 17.18 (2007); 3B Fed. Jury Prac. & Instru. § 160:79 (6th ed.).  Rather, the form instructions reflect the elements set forth in the statutory test of fair use in 17 U.S.C. § 107.  While the Ninth Circuit form instructions indicate that supplemental instructions may be needed, it is simply "to suggest how the presence or absence of any particular factor may tend to support or detract from a finding of fair use" or "suggest to the jury how to weigh the factors."  But, there is nothing in the Ninth Circuit statement indicating that further instruction on what the factors are or how they should be interpreted is appropriate. If the Court is inclined to adopt an instruction for each of the elements, it should reject Plaintiff's proposed jury instructions because they are inaccurate and prejudicial.  Defendant has proposed instructions that reflect the current legal standards for fair use, as articulated in Ninth Circuit case law.

Plaintiff's instruction on the purpose and character of the use mischaracterizes the standard for that factor.  For instance, Plaintiff's instruction equates whether a work is transformative with whether it comments or criticizes the copyrighted work.  Defendant is not aware of a single case equating transformative and comment or criticize.  Rather, the Supreme Court, Ninth Circuit and this Court have recognized that "[t]he key inquiry for the first factor is 'whether and to what extent the new work is 'transformative.'"  Transformative works, further, are not works that comment or criticize – they are works that "add something new, with a further purpose or different character, altering the first with new expression, meaning, or message." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1164 (9th Cir. 2007); Document 68 at 9.

1    Plaintiff's statement that "where a work has a transformative nature its
2    commercial qualities are less important" is also inaccurate.  While the Supreme
3    Court has set up a sliding scale "the more transformative the new work, the less
4    will be the significance of other factors", the Supreme Court did not set
5    transformativeness as a simple threshold beyond which the other factors are less
6    important.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

31

1  PLAINTIFF'S SUGGESTED JURY INSTRUCTION NO. 11: FAIR USE –

2  FACTORS – PARODY-DEFINED

3

4  Among the various forms of 'transformative use' is parody.  A parody is a

5  literary or artistic work that imitates the characteristic style of an author or a work

6  for comic effect or ridicule.  For the purposes of copyright law, a parodist may

7  claim fair use where he or she uses some of the "elements of a prior author's

8  composition to create a new one that, at least in part, comments on that author's

9  works."

10

11  The original work need not be the sole subject of the parody; the parody

12  "may loosely target an original" as long as the parody "reasonably could be

13  perceived as commenting on the original or criticizing it, to some degree."

14

15  In order to be a parody in the legal sense, Jukin's copyrighted work must at

16  least in part be the target of the Equals Three's satire.

17

18

19

20

21

22

23

24

25

26

27

28

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

AUTHORITY:

*Sedgwick Claims Mgmt. Servs. v. Delsman*, 2009 U.S. Dist. LEXIS 61825, *12 (N.D. Cal. July 16, 2009).

*Campbell v. Acuff-Rose Music, Inc*., 510 U.S. 569, 580-81, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994)

*Dr. Seuss Enters., L.P. v. Penguin Books USA, Inc*., 109 F.3d 1394, 1400-01 (9th Cir. 1997)

JOINT PROPOSED JURY INSTRUCTIONS

PLAINTIFF'S POSITION

Ninth Circuit Civil Jury Instruction No. 17.18 sets forth a summaries of a series of cases interpreting the fair use factors and specifically advises that the Court may find it appropriate to supplement this instruction to suggest to the jury how to weigh the factors. *See,* 9th Cir. Civ. Jury Instr. 17.18 (2007). The instruction is drawn from the points and authorities cited in the Court's ruling denying, in party, Defendant's motion for partial summary judgment.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

34

## DEFENDANT'S POSITION

Plaintiff's proposed instruction is unnecessary.  None of the form jury instructions on fair use provide for additional instructions on each of the factors. *See, e.g*, 9th Cir. Civ. Jury Instr. 17.18 (2007); 3B Fed. Jury Prac. & Instru. § 160:79 (6th ed.).  Rather, the form instructions reflect the elements set forth in the statutory test of fair use in 17 U.S.C. § 107.  While the Ninth Circuit form instructions indicate that supplemental instructions may be needed, it is simply "to suggest how the presence or absence of any particular factor may tend to support or detract from a finding of fair use" or "suggest to the jury how to weigh the factors."  But, there is nothing in the Ninth Circuit statement indicating that further instruction on what the factors are or how they should be interpreted is appropriate.

This instruction is an inaccurate statement of the law.  By stating that "[a]mong the various forms of 'transformative use' is parody," this instruction implies that all parodies are necessarily transformative.  This is not the case.  The Supreme Court and Ninth Circuit have emphasized that parodies are not presumptively fair use, but rather, each parody must be judged according to the four fair use factors.  *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 581, (1994); *Fisher v. Dees*, 794 F.2d 432, 435 (9th Cir. 1986).

Equals Three's instruction also incorrectly conflates "parody (in which the copyrighted work is the target) and satire (in which the copyrighted work is merely a vehicle to poke fun at another target)." *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1400 (9th Cir. 1997).  Parody and satire are two distinct legal concepts, and using the terms interchangeably as Equals Three does in its instruction is likely to confuse or mislead the jury.  A true parody is more likely to be transformative than a satire.  *See id.*

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1  PLAINTIFF'S SUGGESTED JURY INSTRUCTION NO. 12: FAIR USE –

2  FACTORS – THE NATURE OF THE COPYRIGHTED WORK

3

4  In evaluating the nature of the copyrighted work, you should consider:

5  • the publication status of the original work and

6  • the extent to which the original work is creative.

7

8  A video is not automatically deemed creative, so you must evaluate whether

9  the videos claimed by Jukin are creative.

36

1    AUTHORITY:

2    *Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539, 562, 105 S. Ct. 2218, 85

3    L. Ed. 2d 588 (1985)

4    *Sofa Entertainment, Inc. v. Dodger Productions*, 709 F.3d 1273 (9th Cir. 2013)

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

37

PLAINTIFF'S POSITION

Ninth Circuit Civil Jury Instruction No. 17.18 sets forth a summaries of a series of cases interpreting the fair use factors and specifically advises that the Court may find it appropriate to supplement this instruction to suggest to the jury how to weigh the factors. *See,* 9th Cir. Civ. Jury Instr. 17.18 (2007). The instruction is drawn from the points and authorities cited in the Court's ruling denying, in party, Defendant's motion for partial summary judgment.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

DEFENDANT'S SUGGESTED INSTRUCTION

No instruction, but if the Court is inclined to give an instruction then it should give the proposal below.

FAIR USE – FACTORS – THE NATURE OF THE COPYRIGHTED WORK

The second factor to consider for fair use is the nature of the copyrighted work.

Under this factor, if a copyrighted work is creative in nature, as opposed to factual, or if it is unpublished, the accused work is less likely to be a fair use. Just because a copyrighted work such as a photograph documents an event, that does not mean it is a factual work. However, even if the copyrighted work is factual, if the accused work focuses on the most expressive elements of the factual copyrighted work, this weighs against a finding of fair use.

This factor is most relevant and most likely to weigh in favor of fair use if the accused work is of a different nature than the copyrighted work.

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

39

Authority:

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579-81 (1994); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1016 (9th Cir. 2001); *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1177 (9th Cir. 2012); *Harper & Row, Publishers, Inc. v. Nation Enter.*, 471 U.S. 539, 563-64 (1985); *Computer Entertainment America, Inc. v. Bleem,* 214 F.3d 1022, 1027 (9th Cir. 2000).

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

## DEFENDANT'S POSITION

Plaintiff's proposed instruction is unnecessary.  None of the form jury instructions on fair use provide for additional instructions on each of the factors. *See, e.g*, 9th Cir. Civ. Jury Instr. 17.18 (2007); 3B Fed. Jury Prac. & Instru. § 160:79 (6th ed.).  Rather, the form instructions reflect the elements set forth in the statutory test of fair use in 17 U.S.C. § 107.  While the Ninth Circuit form instructions indicate that supplemental instructions may be needed, it is simply "to suggest how the presence or absence of any particular factor may tend to support or detract from a finding of fair use" or "suggest to the jury how to weigh the factors."  But, there is nothing in the Ninth Circuit statement indicating that further instruction on what the factors are or how they should be interpreted is appropriate. If the Court is inclined to adopt an instruction for each of the elements, it should reject Plaintiff's proposed jury instructions because it is not helpful to the jury. Defendant has proposed instructions that reflect the current legal standards for fair use, as articulated in Ninth Circuit case law.

Plaintiff's instruction is not accurate.  It states that "a video is not automatically deemed creative, so you must evaluate whether the videos claimed by Jukin are creative."  In this case, the jury will have to find infringement before they consider fair use.  Accordingly, if they get to this element, they will have already found that Jukin's videos are creative enough for copyright protection.  To make the jury reconsider the issue at the fair use stage is inappropriate.  Rather, the second factor is made to consider the type of work because some works are closer to the "core of intended copyright protection" *Sofa Entertainment, Inc. v. Dodge Productions, Inc.*, 709 f.3d 1273, 1279 (9th Cir. 2013).  It is well recognized that even factual works can be subject to copyright protection. *Harper & Row Publisher, Inc. v. National Enterprises*, 471 U.S. 539, 563 (1985).

41

1  PLAINTIFF'S SUGGESTED JURY INSTRUCTION NO. 13: FAIR USE –

2  FACTORS - AMOUNT AND SUBSTANTIALITY

3

4  In evaluating the amount and substantiality of the portion used in relation to

5  the copyrighted work as a whole, you may find that copying is not excessive in

6  relation to parodic purpose merely because the portion taken was the original's

7  heart.

8

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

42

1    AUTHORITY:

2    *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 580-81, 114 S.Ct. 1164, 127

3    L.Ed.2d 500 (1994)

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

43

1  | PLAINTIFF'S POSITION

2  Ninth Circuit Civil Jury Instruction No. 17.18 sets forth a summaries of a

3  series of cases interpreting the fair use factors and specifically advises that the

4  Court may find it appropriate to supplement this instruction to suggest to the jury

5  how to weigh the factors.  *See*, 9th Cir. Civ. Jury Instr. 17.18 (2007).  The

6  instruction is drawn from the points and authorities cited in the Court's ruling

7  denying, in party, Defendant's motion for partial summary judgment.

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

44

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

DEFENDANT'S SUGGESTED INSTRUCTION

No instruction, but if the Court is inclined to give an instruction then it should give the proposal below.

FAIR USE – FACTORS - AMOUNT AND SUBSTANTIALITY

The third factor to consider for fair use is the amount and substantiality of the portion used in relation to the copyrighted work as a whole.

Under this factor, you should look at the quantitative amount and the qualitative value of each copyrighted work that was used.  In other words, consider how much of each of Jukin's video was used and whether Equals Three and Johnson used the most important parts of each video.  You should consider this in relation to the entire Jukin video, not in relation to the Equals Three show.  Even if Equals Three and Johnson used only a small portion of Jukin's videos, this factor weighs against fair use if they used the most important or expressive parts of the videos (*i.e.*, the heart of the video).

45

Authority:

*Harper & Row, Publishers, Inc. v. Nation Enter.*, 471 U.S. 539, 564-66 (1985);

*Los Angeles News Service v. KCAL-TV Channel 9*, 108 F.3d 1119, 1122 (9th Cir. 1997).

1   PLAINTIFF'S SUGGESTED JURY INSTRUCTION NO. 14: FAIR USE –

2   FACTORS - MARKET HARM

3

4       In evaluating the effect of the use upon the potential market for or value of

5   the copyrighted work, you may consider only whether the Equals Three episodes

6   diminish demand for the Jukin video by acting as a substitute for it.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

AUTHORITY:

*Castle Rock Entm't, Inc. v. Carol Publ'g Group,* 150 F.3d 132, 145 (2d Cir. 1998); *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 580-81, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994); *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164 (9th Cir. 2012)

JOINT PROPOSED JURY INSTRUCTIONS

1    PLAINTIFF'S POSITION

2        Ninth Circuit Civil Jury Instruction No. 17.18 sets forth a summaries of a

3    series of cases interpreting the fair use factors and specifically advises that the

4    Court may find it appropriate to supplement this instruction to suggest to the jury

5    how to weigh the factors.  *See*, 9th Cir. Civ. Jury Instr. 17.18 (2007).  The

6    instruction is drawn from the points and authorities cited in the Court's ruling

7    denying, in party, Defendant's motion for partial summary judgment.

8

9

10

11

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S SUGGESTED INSTRUCTION

No instruction, but if the Court is inclined to give an instruction then it should give the proposal below.

FAIR USE – FACTORS - MARKET HARM

The fourth factor to consider for fair use is the effect of the use upon the potential market for or value of the copyrighted work.

Under this factor, you should consider the extent of the harm caused by Equals Three and Johnson and whether unrestricted and widespread use like their use would result in a substantially negative impact on the potential market for Jukin's videos.

If Equals Three's and Johnson's use of Jukin's videos tends to diminish or prejudice the potential sales of the videos, or interferes with their marketability, or fulfills the demand for the videos, their use has caused harm to the potential market or value of the videos.

If the criticism of the copyrighted works suppresses demand for those works, that is not market harm under this factor.  However, if a parody is critical of the copyrighted work but still fulfills the demand for the copyrighted work (*i.e.*, people watch the parody version instead of the original work), then there is market harm and this factor weighs against fair use.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

Authority:

     *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 591 (1994); *Hustler Magazine Inc. v. Moral Majority Inc.*, 796 F.2d 1148, 1155-56 (9th Cir. 1986); *Fisher v. Dees*, 794 F.2d 432, 438 (9th Cir. 1986)

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

51

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

**DEFENDANT'S POSITION**

Plaintiff's proposed instruction is unnecessary. None of the form jury instructions on fair use provide for additional instructions on each of the factors. See, e.g, 9th Cir. Civ. Jury Instr. 17.18 (2007); 3B Fed. Jury Prac. & Instru. § 160:79 (6th ed.). Rather, the form instructions reflect the elements set forth in the statutory test of fair use in 17 U.S.C. § 107. While the Ninth Circuit form instructions indicate that supplemental instructions may be needed, it is simply "to suggest how the presence or absence of any particular factor may tend to support or detract from a finding of fair use" or "suggest to the jury how to weigh the factors." But, there is nothing in the Ninth Circuit statement indicating that further instruction on what the factors are or how they should be interpreted is appropriate. If the Court is inclined to adopt an instruction for each of the elements, it should reject Plaintiff's proposed jury instructions because it is not helpful to the jury. Defendant has proposed instructions that reflect the current legal standards for fair use, as articulated in Ninth Circuit case law.

Equals Three's and Johnson's proposed instruction for this factor omits an important part of the analysis for market harm. Under their instruction, the only type of market harm pertinent to the fair use analysis is market substitution, that is, "whether the Equals Three episodes diminish demand for the Jukin video by acting as a substitute for it." Although this is a type of harm, it is not the only type. Case law has recognized several other ways an accused work affects the potential market or the value of the copyrighted work. If the accused work tends to diminish or prejudice potential sales of the copyrighted work or interferes with the marketability of the copyrighted work, that causes harm recognized under this factor. *See Hustler Magazine Inc. v. Moral Majority Inc.*, 796 F.2d 1148, 1155-56 (9th Cir. 1986). In addition, the jury should consider whether unrestricted and widespread use like Equals Three's and Johnson's use would negatively impact Jukin's market. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 591 (1994).

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1  <u>THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 15: 9TH CIRCUIT</u>

2  <u>MODEL CIVIL JURY INSTRUCTION 17.20 DERIVATIVE LIABILITY—</u>

3  <u>VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF</u>

4

5  If you find that Equals Three infringed Jukin's copyrights in any of

6  - "Black Bear Milk Bottle Rescue,"

7  - "Groom Drops Bride,"

8  - "Went Beautifully,"

9  - "Skim Board Fail,"

10  - "Disney World Surprise Gone Wrong,"

11  - "Insane Dodge Ball Kill!,"

12  - "Burning My Hair Off,"

13  - "Dog Thinks Terrace Door is Closed,"

14  - "500 Smith & Wesson Tree Fail,"

15  - "Dog Spoon Fed,"

16  - "Road Worker Trick Fail,"

17  - "First Person to Buy iPhone 6 in Perth Drops it on Live TV When

18    Pressured By Reporters,"

19  - "Edelweiss Bear Take Out 2,"

20  - "Trampoline Hump Dog,"

21  - "Dachshund vs. Crab,"

22  - "MOMMYS BIG SECRET :) THIS IS A MUST SEE!!!!!,"

23  - "Skydiving Plane Crash Incident," or

24  - "Funny…Wasp Stings Man While Wife Laughs!,"

25  you may consider Jukin's claim that Johnson vicariously infringed those

26  copyrights. Jukin has the burden of proving each of the following by a

27  preponderance of the evidence:

28

1. Johnson profited directly from the infringing activity of Equals Three;

2. Johnson had the right and ability to supervise or control the infringing activity of Equals Three.

If you find that Equals Three infringed Jukin's copyrights for any of the 18 videos above, and you find that Jukin proved each of these elements, your verdict should be for Jukin. If, on the other hand, Jukin has failed to prove any of these elements for any of the 18 videos, your verdict should be for Johnson.

JOINT PROPOSED JURY INSTRUCTIONS

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.20 (2007)

JOINT PROPOSED JURY INSTRUCTIONS

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 16: 9TH CIRCUIT MODEL CIVIL JURY INSTRUCTION 17.21 DERIVATIVE LIABILITY— CONTRIBUTORY INFRINGEMENT

Johnson may be liable for copyright infringement engaged in by Equals Three if he knew or had reason to know of the infringing activity and intentionally induced or materially contributed to that infringing activity.

If you find that Equals Three infringed Jukin's copyrights in any of

- "Black Bear Milk Bottle Rescue,"
- "Groom Drops Bride,"
- "Went Beautifully,"
- "Skim Board Fail,"
- "Disney World Surprise Gone Wrong,"
- "Insane Dodge Ball Kill!,"
- "Burning My Hair Off,"
- "Dog Thinks Terrace Door is Closed,"
- "500 Smith & Wesson Tree Fail,"
- "Dog Spoon Fed,"
- "Road Worker Trick Fail,"
- "First Person to Buy iPhone 6 in Perth Drops it on Live TV When Pressured By Reporters,"
- "Edelweiss Bear Take Out 2,"
- "Trampoline Hump Dog,"
- "Dachshund vs. Crab,"
- "MOMMYS BIG SECRET :) THIS IS A MUST SEE!!!!!,"
- "Skydiving Plane Crash Incident," or
- "Funny…Wasp Stings Man While Wife Laughs!,"

56

you may proceed to consider Jukin's claim that Johnson contributorily infringed those copyrights. To prove copyright infringement, Jukin must prove both of the following elements by a preponderance of the evidence:

    1. Johnson knew or had reason to know of the infringing activity of Equals Three; and

    2. Johnson intentionally induced or materially contributed to Equals Three's infringing activity.

    If you find that Equals Three infringed Jukin's copyrights and you also find that Jukin has proved both of these elements, your verdict should be for Jukin. If, on the other hand, Jukin has failed to prove either or both of these elements, your verdict should be for Johnson.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

AUTHORITY:

9th Cir. Civ. Jury Instr. 17.21 (2007)

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

1   THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 17: 9TH CIRCUIT

2   MODEL CIVIL JURY INSTRUCTION 17.22 COPYRIGHT—DAMAGES (17

3   U.S.C. § 504)

4

5       If you find for Jukin on any of Jukin's copyright infringement claims, you

6   must determine Jukin's damages. Jukin is entitled to recover the actual damages

7   suffered as a result of the infringement of any of the 18 videos at issue in this case

8   if you find copyright infringement. In addition, Jukin is also entitled to recover any

9   profits of Equals Three attributable to the infringement. Jukin must prove damages

10  by a preponderance of the evidence.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

59

1    AUTHORITY:

2    9th Cir. Civ. Jury Instr. 17.22 (2007)

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

**THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 18: 9TH CIRCUIT MODEL CIVIL JURY INSTRUCTION 17.23 COPYRIGHT—DAMAGES— ACTUAL DAMAGES (17 U.S.C. § 504(b))**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by Equals Three and Johnson of Jukin's work. That amount also could be represented by the lost license fees Jukin would have received for Equals Three's and Johnson's unauthorized use of Jukin's work.

Jukin is claiming actual damages for:

- "Went Beautifully,"
- "Skim Board Fail,"
- "Insane Dodge Ball Kill!,"
- "Burning My Hair Off,"
- "Dog Thinks Terrace Door is Closed,"
- "Dog Spoon Fed,"
- "Road Worker Trick Fail,"
- "First Person to Buy iPhone 6 in Perth Drops it on Live TV When Pressured By Reporters,"
- "Edelweiss Bear Take Out 2,"
- "Trampoline Hump Dog,"
- "Dachshund vs. Crab,"
- "MOMMYS BIG SECRET :) THIS IS A MUST SEE!!!!!,"

61

- "Skydiving Plane Crash Incident," and
- "Funny…Wasp Stings Man While Wife Laughs!,"

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1    AUTHORITY:

2    9th Cir. Civ. Jury Instr. 17.23 (2007)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 19: 9TH CIRCUIT MODEL CIVIL JURY INSTRUCTION 17.24 COPYRIGHT—DAMAGES— EQUALS THREE'S PROFITS (17 U.S.C. § 504(b))

In addition to actual damages, Jukin is entitled to any profits of Equals Three attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of Equals Three's profits only if you find that Jukin showed a causal relationship between the infringement and the profits generated indirectly from the infringement or Equals Three's gross revenue.

Equals Three's profit is determined by deducting all expenses from Equals Three's gross revenue.

Equals Three's gross revenue is all of Equals Three's receipts from the use of a work containing or using the copyrighted work associated with the infringement. Jukin has the burden of proving Equals Three's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and production costs incurred in producing Equals Three's gross revenue. Equals Three's has the burden of proving Equals Three's expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the use of a work containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. Equals Three has the burden of proving the portion of the profit, if any, attributable to

64

1  factors other than infringing the copyrighted work.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

1    AUTHORITY:

2    9th Cir. Civ. Jury Instr. 17.24 (2007)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

## THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 20: 9TH CIRCUIT MODEL CIVIL JURY INSTRUCTION 17.25 COPYRIGHT DAMAGES— STATUTORY DAMAGES (17 U.S.C. § 504(c))

If you find for Jukin on Jukin's copyright infringement claim, you must determine Jukin's damages. Jukin seeks a statutory damage award, established by Congress, for "Black Bear Milk Bottle Rescue," "Groom Drops Bride," "Disney World Surprise Gone Wrong," and "500 Smith & Wesson Tree Fail." Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Instruction 29 Willful Infringement will tell you what constitutes willful infringement.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

1  AUTHORITY:

2  9th Cir. Civ. Jury Instr. 17.25 (2007)

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

68

1  THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 21: 9TH CIRCUIT

2  MODEL CIVIL JURY INSTRUCTION 17.27 COPYRIGHT—DAMAGES—

3  WILLFUL INFRINGEMENT (17 U.S.C. § 504(c)(2))

4

5      An infringement is considered willful when Jukin has proved both of the

6  following elements by a preponderance of the evidence:

7

8      1. Equals Three or Johnson engaged in acts that infringed the copyright; and

9

10      2. Equals Three or Johnson knew that those acts infringed the copyright.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

69

1    AUTHORITY:

2    9th Cir. Civ. Jury Instr. 17.27 (2007)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 22: VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. § 512(f)(1) – ELEMENTS

On Equals Three's claim for violation of the DMCA, Equals Three has the burden of proving the following by a preponderance of the evidence:

1.  Jukin knowingly made a material misrepresentation in its takedown notification to YouTube;

2.  YouTube relied on Jukin's misrepresentation in removing Equals Three's show; and

3.  Equals Three was damaged as a result.

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

71

1  AUTHORITY:

2  17 U.S.C. § 512(f)(1); *Lenz v. Universal Music Corp.*, 801 F.3d 1126, 1131 (9th

3  Cir. 2015)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

1   <u>THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 23: VIOLATION OF</u>

2   <u>THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. § 512(f)(1) –</u>

3   <u>MISREPRESENTATION</u>

4

5        Jukin is liable if it knowingly misrepresented in a takedown notification that

6   it had formed a good faith belief that Equals Three's use of its video was not fair

7   use.

8

9        Jukin cannot be liable simply because it made an unknowing mistake, even

10  if Jukin acted unreasonably in making the mistake.  Rather, Equals Three must

11  demonstrate that Jukin had some actual knowledge of misrepresentation in order

12  for Jukin to be liable.

13

14       Jukin must consider fair use before making a takedown notice, but Jukin's

15  consideration of fair use does not have to be searching or intensive.  Jukin's

16  formation of a subjective good faith believe that Jukin's use is not fair use does not

17  require investigation of the allegedly infringing content.

18

19       If Jukin formed a subjective good faith belief that Equals Three's use of its

20  video did not constitute fair use, you cannot dispute Jukin's belief even if you

21  believe Equals Three's use of the video is fair use, and Jukin is not liable.

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1  AUTHORITY:

2  17 U.S.C. § 512(f)(1); *Lenz v. Universal Music Corp.*, 801 F.3d 1126, 1134-36 (9th

3  Cir. 2015)

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

THE PARTIES' SUGGESTED JURY INSTRUCTION NO. 24: VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT, 17 U.S.C. § 512(f)(1) – DAMAGES

If you find for Equals Three on Equals Three's DMCA claim, you must determine the amount of Equals Three's damages.  Equals Three must prove damages by a preponderance of the evidence.

Equals Three may recover its actual damages, but only if those damages are not speculative based on the evidence in this case. Equals Three may not recover damages for emotional distress.

The law which applies to this case authorizes an award of nominal damages. If you find for Equals Three but you find that Equals Three has failed to prove damages as defined in these instructions, you must award nominal damages. However, Equals Three may not recover nominal damages for the impairment of its free speech rights. Nominal damages may not exceed one dollar.

JOINT PROPOSED JURY INSTRUCTIONS

1    AUTHORITY:

2    *Lenz v. Universal Music Corp.*, 801 F.3d 1126, 1137-38 & n.4 (9th Cir. 2015);

3    *Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1031-32 (N.D. Cal. 2015); *Disney*

4    *Enterprises, Inc. v. Hotfile Corp.*, No. 11-20427-CIV, 2013 WL 6336286, at *48

5    (S.D. Fla. Sept. 20, 2013); 9th Cir. Civ. Jury Instr. 5.1 & 5.6 (2007)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

JOINT PROPOSED JURY INSTRUCTIONS