FILED
CLERK, U.S. DISTRICT COURT

MAR - 2 2016

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Equals Three, LLC,

    Plaintiff,

  vs.

Jukin Media, Inc.,

    Defendant.

14-CV-09041 SVW
COURT'S INSTRUCTIONS
TO THE JURY

## JURY INSTRUCTIONS

Dated: March 1, 2016

1

Instruction No. 1

To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, mask works fixed in semiconductor chip products, or a computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

Instruction No. 3

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest.  Such use of a copyrighted work is called a fair use.  The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Equals Three contends that Equals Three made fair use of the copyrighted work for the purpose of parody. Equals Three has the burden of proving this defense by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the following factors:

1.      the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

2.      the nature of the copyrighted work;

3.      the amount and substantiality of the portion used in relation to the copyrighted work as a whole;

4.      the effect of the use upon the potential market for or value of the copyrighted work.

4

1

Instruction No. 4

2

    The first factor to consider in your analysis of fair use is the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes.

3

4

    The key inquiry for this factor is whether and to what extent Equals Three's use of Jukin's works is transformative. In other words, you must consider whether Equals Three's work merely supersedes Jukin's work or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 5

The second factor to consider in your analysis of fair use is the nature of the copyrighted work. This factor is of most relevance to the fair use analysis when the original material and the copy are of a different nature.

You should consider whether Jukin's works are creative in nature or fact-based. If you find that Jukin's work is creative in nature, this cuts against a finding of fair use. If you find that Jukin's work is informational, factual, or news, this weighs in favor of a finding of fair use.

You should also consider whether Jukin's work is unpublished. The fact that a work is unpublished is a critical element of its nature and the scope of fair use is narrower with respect to unpublished works.

Instruction No. 6

The third factor to consider in your analysis of fair use is the amount and substantiality of the portion used in relation to the copyrighted work as a whole.

Under this factor, you should consider the quantity of material used by Equals Three and its quality and importance.  You should also consider whether Equals Three's use was reasonable in relation to the purpose of the copying.

7

Instruction No. 7

The fourth factor to consider in your analysis of fair use is the effect of the use upon the potential market for or value of the copyrighted work.

Under this factor, you should consider the extent of the harm actually caused by Equals Three and whether unrestricted and widespread use like their use would result in a substantially negative impact on the potential market for Jukin's videos.

The impact on the potential market for or value of Jukin's videos does not include the use of Jukin's videos in works that criticize or parody the videos. The effect of Equals Three's use does not include its potential to destroy or diminish the market for Jukin's work through its critical impact. For example, if you find after viewing an Equals Three episode a viewer would be less likely to view a Jukin video because it was used in a manner that was critical or parodied Jukin's video, you should not find that this causes harm to Jukin. For the same reason, you should not consider any reduction in licensing opportunities for Jukin videos caused by any critical or parodic effect from Equals Three's use of the videos.

Instruction No. 8

A parody is a work that uses some elements of a prior work to create a new one that, at least in part, comments on the original composition.  The parody must target the original work, and not just its general style, the genre of art to which it belongs, or society as a whole (although if it targets the original work, it may target those features as well).

If a parody whose wide dissemination in the market runs the risk of serving as a substitute for the original or licensed derivatives, it is more incumbent on Equals Three to establish the extent of transformation and the parody's critical relationship to the original. By contrast, when there is little or no risk of market substitution, whether because of the large extent of transformation of the earlier work, the new work's minimal distribution in the market, the small extent to which it borrows from an original, or other factors, taking parodic aim at an original is a less critical factor in the analysis, and looser forms of parody may be found to be fair use, as may satire with lesser justification for the borrowing than would otherwise be required.

9